█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL SIMPSON, Appellant.— Appeal by defendant from an order of the County Court of Chemung County which denied, after a hearing, a motion in the nature of a writ of error *coram nobis* to vacate a judgment of conviction of robbery in the second degree rendered in that court on December 30, 1947. At the hearing on his petition, the defendant was represented by counsel and testified that when arraigned before the then County Judge he pleaded guilty and that the Judge then told him he was entitled to counsel "but he didn't tell me how I was to get that counsel." Defendant testified, further, that on the occasions of two previous convictions he had been represented by retained counsel and when arraigned in 1947 was without funds and did not know that he was entitled to have counsel assigned. The County Court docket of the case contained, among other entries, the following: "December 3. Indictment read. Advised of rights. Waived counsel. Pleaded guilty. Remanded to December 10, day to day for sentencing." The further entry also appeared: "December 30. Defendant in court. Information, second offender read. Advised of rights. Pleaded guilty. Sentence, Attica, 7½ to 15 years." The County Judge before whom defendant was convicted testified that the docket entries above quoted were in his handwriting and that he had no recollection of the case. However, he described his practice as follows: "In every case I would first read the indictment to the defendant and told him that was the charge against him. Secondly, I also advised the defendant in substantially these words, 'You are entitled to counsel of your own choice.' At that time I always asked them if they had their own lawyer. If they said no, I went on to say, 'If you are unable to get a lawyer, if you do not have the means to get your own lawyer, if you desire, the Court will assign counsel' and then I asked them if they wanted a lawyer assigned." He further testified rather emphatically that this was his invariable practice. This testimony was properly received (see *People* v. *Bean,* 284 App. Div. 922, and cases there cited). The questions of fact, including the credibility of the witnesses, were for the trial court (*People* v. *Richetti,* 302 N. Y. 290, 298) which was warranted in finding, as it did, that defendant was properly advised of his right to counsel which he thereupon intelligently waived. Order affirmed. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.