■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER BOMBARD, Appellant.— Appeal by defendant from an order of the County Court of Clinton County which denied, after a hearing at which defendant was represented by counsel, defendant's motion to set aside two judgments of conviction. Defendant was arraigned on September 20, 1938 and entered a plea of guilty to burglary in the third degree and grand larceny in the first degree. He was sentenced on September 23, 1938. Defendant asserts, in this *coram nobis* proceeding, that he was not advised of his right to counsel. The clerk's minutes of the arraignment are silent as to counsel or advice of the right to counsel. However, the clerk who was present at the arraignment testified that the words " defendant arraigned", appearing in the minutes in his handwriting, had a special significance. He testified that he did not enter the word " arraigned " in any case until the indictment had been read and the defendant advised of his rights. The then District Attorney testified that he " always insisted that a defendant be advised fully of his rights before a plea was taken", and testified further: " I am certain he was advised of his rights ". With such testimony before him in addition to the presumption of regularity, the trial court was not bound to accept the defendant's bare assertion, made nearly 20 years later, that he was not advised of his rights. A question of fact was presented with adequate evidence to support the court's decision. The order is affirmed. Abraham Kleinman, Esq., of Liberty, New York, was assigned by this court to represent the defendant on this appeal. We note here that by way of a brief and oral argument he has fulfilled the assignment in a manner which is a credit to the profession. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of VINCENT MUMMIAMI, Appellant, against NEW YORK STATE BOARD OF PAROLE, Respondent.— Petitioner appeals from an order of the Supreme Court entered in Albany County, which dismissed his application under article 78 of the Civil Practice Act for an order directing respondent to reinstate him to parole. While serving an indeterminate sentence of from 30 years to life imprisonment for murder in the second degree, petitioner was paroled on June 11, 1950. On September 2, 1955, petitioner was arrested by New York City police, charged with violating section 1751 of the Penal Law, dealing with narcotics. He was declared delinquent as of that date. He was subsequently indicted, tried and acquitted. A member of the Parole Board determined that petitioner had violated his parole and he was returned to prison on June 5, 1956. On July 24, 1956, petitioner was given a hearing on a charge of parole violation, pursuant to section 218 of the Correction Law, and was ordered "held for two years for reconsideration only." Petitioner contends that, because of his acquittal, the action of the board was arbitrary and capricious. At all times while petitioner was on parole he was in constructive custody, subject to be retaken and returned to actual custody. (*People ex rel. Natoli* v. *Lewis,* 287 N. Y. 478.) After a hearing at which his entire record was reviewed, the action of the board in finding a violation may not be said to be arbitrary or capricious. The Parole Board is given broad power of discretion in retaking a prisoner and in determining the question of parole violation. (Correction Law, §§ 216, 218.) In the absence of a showing of a violation of a statutory duty, the action of the board is not subject to review. (*Matter of Hines* v. *State Board of Parole,*

293 N. Y. 254; *Matter of O'Connor* v. *State Board of Parole*, 270 App. Div. 93.) Order affirmed. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.