Memorandum : Although our affirmance of the Appellate Division’s order directing a hearing establishes that the petitioner is entitled to postconviction relief if he proves the allegations of his petition, we need not now decide the particular form or nature of such relief. It is enough to say that the petitioner, in order ultimately to prevail, must demonstrate, as he alleges, that televising and broadcasting shortly after his arrest a re-enactment of the crime charged against him rendered a fair trial impossible.
While a plea of guilt is ordinarily deemed to be a waiver of defenses which could be tried out upon a trial and so to preclude a defendant from seeking coram nobis or other postconviction redress (see People v. Nicholson, 11 N Y 2d 1067, cert. den. 371 U. S. 929; People v. Dash, 16 N Y 2d 493), this is not so in a case such as the present where the petitioner’s claim is that the incident complained of made it impossible for him to obtain a fair trial.
The order should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Order affirmed in a memorandum.