Memorandum. The order should be reversed and proceedings remanded for a hearing on the issue whether the pretrial publicity was so extensive as to preclude the right to a fair trial and was the dominant or exclusive reason for defendant’s plea of guilty.
The widespread intensive emotional publicity about a juvenile gang killing with trial pressed upon defendant while the flood of publicity was at the crest raises an issue of fact whether defendant was circumstantially compelled to plead guilty or face the death penalty. In order to prevail, however, defendant may not rest upon his own state of mind or that of counsel but on the objective facts and the inferences which may be drawn from them. Since it is not clear that defendant could have raised the issues as to change of venue and denial of a continuance by direct appeal after his plea of guilty (compare People v. Chirieleison, 3 N Y 2d. 170, with People v. Habel, *829 25 A D 2d 182, affd. 18 N Y 2d 148), he may now raise the issue in postconviction procedure (see People ex rel. Rohrlich v. Follette, 20 N Y 2d 297, 302; People v. Sepos, 16 N Y 2d 662).
Chief Judge Full and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order reversed and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the memorandum herein.