▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALVAREZ REYES, Appellant.— Judgment, Supreme Court, New York County rendered September 28, 1971, convicting defendant after a nonjury trial of criminally selling a dangerous drug in the third degree and sentencing him to an indeterminate term of imprisonment not to exceed four years, is affirmed. The indictment charged defendant with the sale, possession with intent to sell, and possession of heroin on two separate occasions. Counts one, two and three charged the sale, possession with intent to sell, and possession of heroin on June 22, 1970. Counts four, five and six charged defendant with committing the same crimes on June 25, 1970. The court found defendant guilty of the first count alleging the sale of heroin on June 22, 1970. All counts relating to the date of June 25, 1970 were dismissed. At the trial, the detective who

allegedly made the purchase on both dates in question testified as to the events of the sales. On each occasion he gave a signal to a patrolman who was part of the cover team to indicate that a sale had been consummated. And on each occasion the detective met with the patrolman at a pre-arranged location where the glassine envelopes were sealed and marked. On the date of the second alleged sale, i.e., June 25, 1970, the defendant was arrested. Defendant denied making any of the sales alleged. As to the first date, he testified that he was at work until 4:30 and thereafter went to pick up his son. He denied being in the location where the detective stated the sale took place. Other than defendant's testimony, no other evidence was offered to support the defendant's alibi. With regard to the second alleged sale, defendant's nephew testified that he was with defendant for approximately one hour prior to the time the officers appeared and arrested defendant. The nephew stated that at no time during that period did defendant possess narcotics or engage in any transaction involving narcotics. At the conclusion of the trial the court stated: " The Court finds the defendant guilty of the crime of criminally selling a dangerous drug in the third degree, under the first count of the indictment. As to the other counts of the indictment * * * the Court feels that it should give the benefit of the doubt to the defendant, that the defendant has created a situation wherein the People have failed to prove that part of the case beyond a reasonable doubt." The court therefore credited the testimony of the detective with relation to the sale of June 22, 1970. As stated by defendant's trial counsel, the sole question in this case is "who is to be believed." The general rule is that credibility of witnesses is an issue for the fact finder. (See *People* v. *Regina*, 19 N Y 2d 65; *People* v. *Horton*, 308 N. Y. 1; *People* v. *Farrell*, 2 A D 2d 797.) There is no reason in this case for this court to substitute its judgment for that of the trial court. The trial court had before it the detective whose testimony was corroborated by the patrolman, who observed the defendant in conversation with the detective; who observed the signal indicating the sale had been completed; and who met thereafter with the detective whereupon the glassine envelopes were sealed and marked. On the other hand, the defendant's testimony to establish an alibi was uncorroborated. The fact that the trial court dismissed the charges with relation to the alleged sale on June 25, 1970 does not require dismissal of the charges growing out of the events which occurred on the earlier date. The finding of guilt on the June 22 incident was not inherently inconsistent with acquittal of the charges growing out of the alleged subsequent sale, as the events were entirely separable. In any event, consistency in the verdict is not necessary (*People* v. *O'Bryan*, 36 A D 2d 548; *People* v. *Delorio*, 33 A D 2d 350; see, also, Code Crim. Pro., § 443-a). Concur — McGivern, J. P., Markewich and Tilzer, JJ.; Kupferman and Murphy, JJ., dissent in the following memorandum by Murphy, J.: Since the trial court (a jury having been waived) refused to credit the testimony of the undercover narcotics officer as to the alleged sale on June 25, 1970, it is difficult to see how, on the record here presented, the same witness' testimony could be believed as to the sale allegedly made to him by the appellant three days earlier (when no arrest was made). There certainly was ample justification for acquitting appellant as to the second sale; even if we disregard the testimony of appellant's nephew. With regard to such sale, the undercover officer testified that appellant sold him five glassine envelopes, containing heroin, for $15, and the other member of the undercover officer's "cover team" testified that promptly thereafter he arrested appellant and searched him. Significantly, neither narcotics nor the $15 allegedly given appellant was found. While it is, of course, true that the credibility of witnesses is generally an issue for the

fact-finder (*People* v. *Regina*, 19 N Y 2d 65), we have not hesitated to reverse a conviction where we concluded that a defendant's guilt was not established beyond a reasonable doubt. (*People* v. *Patterson*, 21 A D 2d 356.) Accordingly, since there appears to be no additional evidence as to the June 22, 1970 sale which could be offered, the judgment of conviction should be vacated and the indictment dismissed. If I was not dissenting on the affirmance of the conviction, I would certainly dissent on affirmance of the sentence. Since appellant was never previously arrested for, or convicted of, any crime and his prior employment record, as attested to by his employer, was commendable, the sentence imposed was excessive.