■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW D. BLIM, Appellant.—Appeal, by permission, from an order of the County Court of Schuyler County, entered February 14, 1977, which denied defendant's motion to vacate a judgment of conviction. On December 31, 1974 defendant executed a written waiver of indictment wherein he acknowledged that he had been advised and was aware of his constitutional right to be prosecuted by indictment; that he knowingly waived that right; that he had been duly arraigned in Village Court, Watkins Glen, New York, and, further, that he had waived his right to a preliminary hearing after being fully advised of his rights (CPL 195.10). The County Judge determined that the executed waiver duly complied with the provisions of CPL article 195 and executed a written order to that effect (CPL 195.30). Defendant was sentenced to probation. In November, 1975 defendant was convicted in Chemung County for burglary and a violation of probation and was sentenced to an indeterminate term not to exceed four years. Defendant then moved to vacate the judgment of conviction in Schuyler County (CPL 440.10). After hearing, the motion was denied. This appeal ensued. Initially, defendant contends that his bail order was improperly revoked. We need not now decide the propriety or impropriety of the order of revocation, however, since in our opinion, the revocation of bail in the present case has no bearing on the validity of defendant's plea of guilty. Furthermore, in the absence of a prior motion to suppress, defendant has waived his right to judicial determination of his contention that his confession was involuntarily given (CPL 710.70, subd 3). It is also argued by defendant that he was denied his right to counsel. At the hearing on the motion, defendant and members of his family testified that at the time his bail was revoked and he was informed that his retained counsel had withdrawn, he requested that new counsel be assigned but his request was refused by the local Justice. The local Justice testified that at the time of defendant's arraignment, he was informed of his right to counsel but that defendant stated he wanted to obtain his own counsel. The Justice also testified that the defendant never asked for assigned counsel. We do not find the testimony of the local Justice incredible as a matter of law. The credibility of the witnesses raises an issue for the trier of fact (People v MacDonald, 53 AD2d 980; People v Reyes, 38 AD2d 921, affd 30 NY2d 881, bail den 409 US 1053). There is ample evidence in this record to support the court's decision and, therefore, the order must be affirmed (see People v Bombard, 5 AD2d 923, cert den 358 US 849; People v Simpson, 4 AD2d 806). Order affirmed. Greenblott, Sweeney and Main, JJ., concur; Mahoney, P. J., and Kane, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We dissent. A motion to vacate a judgment may be used to determine the validity of a plea of guilty (People v Santana, 25 NY2d 827; People v Sepos, 16 NY2d 662),

particularly where, as here, there is a fundamental error affecting the integrity of the fact-finding process (cf. *People ex rel. Rohrlich v Follette,* 20 NY2d 297; *People v Reynolds,* 25 NY2d 489; CPL 440.10, subd 3). Herein, after arraignment and while defendant was in jail, bail was fixed at $5,000 which was secured by a $10,000 property bond posted by defendant's father who also retained counsel for his son. Defendant was released. The following day defendant was summoned to the Sheriff's office where he was informed that his retained counsel had withdrawn from the case because of a conflict of interest, and, further, bail was revoked and defendant returned to jail after his request for representation by the Public Defender was denied. Three days later, after a written confession had been signed, defendant was released on the security of the original bail. While a bail order is ambulatory and may be increased or revoked in the court's discretion, such action requires an articulation of "good cause" (CPL 530.60). This record is barren of any cause for bail revocation, thereby rendering the Justice's action as arbitrary and invalidating the order of revocation (cf. *People ex rel. Rupoli v McDonnell,* 277 App Div 74). While there appears to be merit to defendant's contention that his confession is fatally flawed since it was extracted while he was jailed and after original counsel had withdrawn and after his request for representation by the Public Defender had been denied, this issue, in the absence of a prior motion to suppress, was not preserved for judicial review. CPL 710.70 (subd 3) clearly states that a failure to move to suppress evidence before or in the course of a criminal action waives the right to judicial determination of any such contention (cf. *People v Nicholson,* 11 NY2d 1067). On the day retained counsel withdrew, defendant, married and living at his parents' home with his wife and 10 brothers and sisters, requested that new counsel be assigned. The local Justice refused the request. This was fundamental error that was compounded when defendant was called to the offices of the outgoing District Attorney on December 31, 1974 and assigned counsel only minutes before the execution by defendant of the waiver of indictment that, in turn, preceded the defendant's guilty plea by only several additional minutes. While brevity of a defendant counsel relationship is not the crucial test of the effectiveness of counsel *(People v Tomaselli,* 7 NY2d 350, 355), it becomes critical when, as here, it is not reasonably likely that the accused could have been adequately advised or aided in the space of time the relationship existed. Attorney Lape, who was asked by the District Attorney to represent defendant only minutes before the scheduled County Court session at which defendant pled guilty, testified at the CPL 440.10 motion hearing that he did not know if defendant had waived his right to a preliminary hearing and, further, was not certain if Blim was cognizant of the consequences of a plea of guilty to a felony. From this we conclude that defendant was denied effective and substantial assistance of counsel at a critical stage of the criminal proceedings brought against him. The assignment of counsel was never made by the court as required by CPL 180.10. It was made by the District Attorney *immediately prior* to defendant's court appearance. The court must assign counsel, and the duty is nondelegable. The order should be reversed and the motion to vacate the judgment should be granted and the matter remanded to Schuyler County for a new trial.