■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM SHAOUL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered February 9, 1982, convicting him of criminal possession of stolen property in the first degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and as a matter of discretion in the interest of justice, by (1) vacating the fine imposed upon the defendant's conviction of criminal possession of a forged instrument in the

second degree, and (2) vacating so much of the defendant's probationary sentence as was conditioned upon his making restitution in an amount to be fixed by the Probation Department. As so modified, judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings consistent herewith and pursuant to CPL 460.50 (subd 5). Although the court was empowered to condition the defendant's probationary sentence upon the requirement that he make restitution "of the fruits of his offense" (Penal Law, § 65.10, subd 2, par [g]), it was, as the People now recognize on the appeal, improper for the court to further direct that the amount thereof be fixed by the Probation Department. "When restitution or reparation is a condition of the sentence, the *court* shall fix the amount thereof" (Penal Law, § 65.10, subd 2, par [g]; emphasis supplied), and may not delegate its authority to do so to the Probation Department (see *People v Fuller,* 57 NY2d 152; *People v Julye,* 64 AD2d 614; *People v Thigpen,* 60 AD2d 860). Accordingly, the matter must be remitted to Criminal Term to fix the amount and the manner of restitution. In our view, however, it was an abuse of discretion to fine the defendant twice for the criminal possession of the same stolen and forged airline tickets, and we therefore vacate the fine imposed upon the latter conviction. In the absence of any motion to suppress his passport on the ground that it was illegally seized, the defendant has waived his right to a judicial determination of this issue on the appeal (see CPL 710.70, subd 3; see, also, *People v Blim,* 61 AD2d 876, affd 46 NY2d 934; *People v Evans,* 72 AD2d 751). We have considered the defendant's remaining contentions and find them to be without merit. Damiani, J. P., Lazer, Thompson and Gulotta, JJ., concur.