■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. WHITE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Mishkin, J., at plea; Patsalos, J., at sentence), rendered August 27, 1984, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered May 17, 1984, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims error, *inter alia,* in that no *Wade*

hearing was held in order to determine the validity of the identifications of him as the murderer of Joseph Douglas in East New York section of Brooklyn. Douglas had apparently come to the aid of two women the defendant was robbing at gunpoint. The defendant was identified in court by the two women, Douglas's cousin, who was with Douglas at the time of the murder, and three other witnesses who saw the defendant with a gun in the vicinity of the street corner where the killing occurred. Defense counsel failed to move for a *Wade* hearing (CPL 710.20 [6]; 710.60 [1]). Where such a failure occurs, the defendant neglects, as a matter of law, to preserve the identification issue for appellate review *(see, People v Manners,* 118 AD2d 734, *lv denied* 68 NY2d 670; *People v Shaoul,* 96 AD2d 892, 893).

Furthermore, such a failure to move cannot be said to have been ineffective assistance of counsel *(see, People v Morris,* 100 AD2d 630, 631, *affd* 64 NY2d 803). The standard to be used in testing for ineffective assistance of counsel is whether under the totality of the circumstances, the defense attorney provided "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). Losing trial tactics should not be confused with ineffectiveness *(People v Baldi, supra,* at 147). Taken as a whole, trial counsel provided meaningful representation.

We have examined the defendant's other contention and find it to be without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.