■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. SHAPIRO, Appellant.

We find that the defendant's conduct constituted the crime of scheme to defraud in the first degree *(see,* Penal Law § 190.65). Testimony at trial established that the defendant engaged in an identifiable pattern of behavior which was reasonably calculated to deceive. The defendant tendered travelers' checks, which he knew to be stolen, to at least 10 merchants, in exchange for property and cash *(see, People v Palmer,* 108 AD2d 545; *People v Lennon,* 107 Misc 2d 329). In each instance, he tendered the travelers' checks, along with an out-of-State photo identification, in payment for merchandise which would not have been released if the salespeople had known that the checks were stolen. The defendant's fraudulent intent may be inferred from his knowledge, at the time he signed the travelers' checks over to the merchants, that he was not entitled to draw on the drawee and his false representation to the merchants that the checks were valid *(see, People v White,* 101 AD2d 1037; *People v Kaminsky,* 127 Misc 2d 497).

We find that the trial court did not abuse its discretion in ordering the defendant bound and gagged during the prosecutor's summation. A review of the record establishes that the defendant continuously interrupted the proceedings, refused to conform his conduct to the court's earlier orders to be quiet and ignored the court's repeated warnings that he would be bound and gagged if such conduct continued. The trial court's conclusion that the summation could not continue without restrictive measures was further supported by the fact that the defendant freed himself of the gag and again interrupted the summation. Upon the defendant's subsequent agreement not to misbehave in front of the jury, the gag was removed and the proceedings were concluded without further incident.

In view of the warnings given the defendant, the short duration of the restraint, and the court's curative instructions to the jury *(see, People v Palermo,* 32 NY2d 222; *People v Gallan,* 78 AD2d 904; *see also, Bass v Scully,* 556 F Supp 778), we conclude that the court properly exercised its discretion in the method used to restore order to the courtroom.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or

without merit. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.