■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Fromer, J.), rendered July 31, 1990, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

When this matter was previously before us (184 AD2d 862), we withheld decision and remitted the matter to County Court to permit the People to respond to defendant's motion to dismiss by way of submissions demonstrating compliance with CPL 30.30 (1), and for the court to hold a hearing on any contested factual issue as to such compliance. On remittal, the records of the court clerk were submitted, establishing that the prosecution's notice of readiness for trial was filed with the clerk on February 28, 1989, the day following defendant's arraignment. The clerk's file also contained a copy of a letter of transmittal of the notice of readiness to the Legal Aid Society of Sullivan County, which was then representing defendant.

Upon remittal, a hearing was held before County Court at which proof was submitted that written communications between the District Attorney's office and the Legal Aid Society's office were, by mutual consent, normally effected through the County's interoffice mail system, in which letters or notices for the Legal Aid Society were deposited in a designated box in the mailroom of the County Courthouse. The secretary to the Assistant District Attorney who signed the letter of transmittal (the secretary's initials on the letter signify that she typed it) testified to a habitual practice, over more than 20 years of her employment in the District Attorney's office, in which copies of notices filed with the court clerk were transmitted by her to the Legal Aid Society "99% of the time", in the foregoing manner. The practice following deposit of such notices in the County mailroom was for a mailroom employee to deliver the communications to the Legal Aid Society (or District Attorney's office) or for a secretary in the respective office to pick them up.

Although the foregoing evidence of a habitual practice does not give rise to a presumption of delivery, as would have been the case had the practice been to deposit the notices in the United States mail *(see, News Syndicate Co. v Gatti Paper Stock Corp.,* 256 NY 211; Richardson, Evidence § 80, at 55-56 [Prince 10th ed]), it was probative evidence that the witness followed her routine practice with respect to transmittal of the People's notice of readiness for trial in this case to defendant's counsel, the Legal Aid Society, on February 28, 1989 *(see, Halloran v Virginia Chems.,* 41 NY2d 386, 391; *Rigie v Goldman,* 148 AD2d 23, 24; Richardson, Evidence § 185, at 154-155 [Prince 10th ed]). The criminal proceeding against defendant herein was initiated by the filing of a felony complaint on November 6, 1988. We therefore find that the People's notice of readiness for trial was appropriately and timely transmitted to County Court and defense counsel in compliance with CPL 30.30 *(see, People v Kendzia,* 64 NY2d 331, 337; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 175).

There was no necessity for a further hearing on any other issue. Accordingly, defendant's conviction should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.