■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DRUMMOND, Appellant. [627 NYS2d 55] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered January 15, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to

dismiss the indictment on the ground that the defendant had been deprived of a speedy trial.

Ordered that the judgment is reversed, on the law, the branch of the defendant's motion which was to dismiss the indictment on the ground that he had been deprived of a speedy trial is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We agree with the defendant's contention that he was denied his right to a speedy trial. A defendant satisfies his initial burden under CPL 30.30 "by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period" *(People v Luperon,* 85 NY2d 71, 77-78; *see also, People v Cortes,* 80 NY2d 201; *People v Santos,* 68 NY2d 859; *People v Berkowitz,* 50 NY2d 333). The burden then shifts to the People to identify the exclusions on which they intend to rely *(see, People v Luperon, supra),* commencing from the date on which the defendant was arraigned on the felony complaint *(see, People v Cortes, supra).*

In his speedy trial motion, the defendant stated that he was arrested on July 26, 1989, and arraigned on a felony complaint on July 27, 1989. He then claimed that although he was told he would be notified of a future court date, he did not receive any such notification. The defendant's motion was served on the District Attorney's office on November 7, 1991. The People were aware that the period in dispute commenced on July 28, 1989, and ended on November 7, 1991. Indeed, this was the time period which the Supreme Court used in its memorandum decision. Consequently, the defendant did not waive his right to challenge any period between July 28, 1989, and November 7, 1991.

The 42-day period from July 28, 1989, to September 7, 1989, is chargeable to the People since delays between indictment and the arraignment do not prevent the People from being ready for trial and are not excludable under CPL 30.30 *(see, People v Correa,* 77 NY2d 930).

The People contend that the period between September 7, 1989, when a bench warrant was issued, and July 5, 1991, when the defendant was returned on the warrant, should be excluded because his location was unknown and he was attempting to avoid apprehension or prosecution. Since the People did not rely on this exclusion at the Supreme Court, the issue is not preserved for appellate review *(see, People v*

*Bolden,* 81 NY2d 146, 155-156; *People v Cortes, supra,* 80 NY2d 201).

The 54-day delay from September 7, 1989, to November 1, 1989, the day the bench warrant was assigned to Investigator Kevin McCann, is chargeable to the People. The Warrant On-Line File System (hereinafter WOLFS) report indicated that the warrant was received in the Central Warrants Unit on September 12, 1989, and was not received in the Brooklyn Warrants Unit until November 1, 1989.

Although a "rap sheet" and a photograph of the defendant were received in the Brooklyn Warrants Unit on November 3, 1989, the WOLFS report indicated that no further investigation was conducted on this warrant until December 13, 1989. Since the People did not exercise due diligence to locate the defendant during this 43-day period, the period is chargeable to the People (*see, People v Luperon, supra,* 85 NY2d 71; *People v Bolden, supra,* 81 NY2d 146).

The delay between December 13, 1989, and July 5, 1991, is excludable, since it was a time when the investigator made diligent efforts to locate the defendant. It is irrelevant that the investigator ceased his investigation of the warrant on April 30, 1990, since the People are not obligated to search for the defendant indefinitely (*see, People v Garrett,* 171 AD2d 153).

The three-day delay from July 5, 1991, to July 8, 1991, is excludable. "The People must be given a reasonable time to call their witnesses and arrange for the recommencement of the case after a defendant is involuntarily returned" (*People v Muhanimac,* 181 AD2d 464, 465-466).

On July 8, 1991, the defendant was not produced in court and the case was adjourned to July 16, 1991. This eight-day delay is chargeable to the People.

On July 16, 1991, the defendant was not produced in court and the case was adjourned to July 25, 1991. This nine-day delay is chargeable to the People.

The 27-day period from July 25, 1991, to August 21, 1991, is chargeable to the People, as conceded by the People.

On August 21, 1991, the defendant was not produced in court and the case was adjourned to September 6, 1991. This 16-day delay is chargeable to the People.

On September 6, 1991, the defendant was not produced in court and the case was adjourned to September 27, 1991. Although the People claim that the defendant was not produced because of an escape attempt, they do not produce any

documentation to substantiate this allegation other than their own trial folder, which is not a part of the official record. Consequently, this 16-day delay is chargeable to the People.

The delays subsequent to September 27, 1991, are all excludable, since they resulted from defense counsel's requests for adjournments.

Since the aggregate number of days chargeable to the People exceeds the six-month period within which they were required to be ready for trial pursuant to CPL 30.30, the defendant's speedy trial motion should have been granted. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.