■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN NIELSEN, Appellant. [761 NYS2d 316] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 8, 1999, convicting him of sodomy in the second degree, incest, sexual misconduct, endanger-

ing the welfare of a child, and sexual abuse in the second degree (three counts), upon a jury verdict, and imposing sentence. Justice Santucci has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30. The People were required to be ready for trial within six months, or 181 days, after September 19, 1997, when the criminal action commenced (*see* CPL 30.30 [1] [a]; *People v Sinistaj,* 67 NY2d 236 [1986]; *People v Osgood,* 52 NY2d 37 [1980]). After subtracting the periods excludable under CPL 30.30 (4), the Supreme Court concluded that only 137 days of delay were chargeable to the People.

With respect to periods of delay that occur following the People's statement of readiness, only those delays which are attributable to their inaction and directly implicate their ability to proceed with trial are charged against them (*see People v Carter,* 91 NY2d 795 [1998]; *People v Cortes,* 80 NY2d 201 [1992]), and any period of an adjournment in excess of that actually requested by the People is excluded (*see People v Williams,* 229 AD2d 603 [1996]; *People v Rivera,* 223 AD2d 476 [1996]).

We agree with the People that the Supreme Court erroneously charged them with periods of delay of 12 days and 6 days in excess of adjournments requested and improperly charged them with a 9-day delay in arraignment (*see People v Goss,* 87 NY2d 792, 798 [1996]). Moreover, the defendant's contention that the People should have been charged with 21 days for an adjournment after an appearance on April 20, 1998, is without merit. In light of the foregoing, we need not reach the defendant's contention that the Supreme Court should have charged the People with an additional delay of 59 days, since the total time chargeable to the People would not, in any event, exceed 181 days. Ritter, J.P., Santucci, Feuerstein and Luciano, JJ., concur.