■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAUREEN MYLES, Appellant. [809 NYS2d 209]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered May 3, 2004, convicting her of grand larceny in the third degree, attempted grand larceny in the third degree, and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People sufficiently established at a hearing that they served a written statement of readiness by mailing it to the defense on August 1, 2003 (*see People v Kendzia*, 64 NY2d 331, 337 [1985]; *People v Johnson*, 190 AD2d 910 [1993]; *see also Halloran v Virginia Chems.*, 41 NY2d 386, 391 [1977]; *Rigie v Goldman*, 148 AD2d 23, 24 [1989]; *People v Bombard*, 5 AD2d 923 [1958]; *People v Bean*, 284 App Div 922 [1954], *cert denied* 348 US 974 [1955]). The parties agree that a felony complaint was filed on February 12, 2003. Thus, the County Court properly denied the defendant's speedy trial motion pursuant to CPL 30.30. To the extent that the defendant now claims that the statement of readiness was not filed with the County Court or appropriate court clerk within the statutory period, that claim is unpreserved for appellate review (*see People v Goode*, 87 NY2d 1045, 1045-1046 [1996]; *People v Luperon*, 85 NY2d 71, 77-78 [1995]; *People v Sease*, 305 AD2d 700 [2003]).

The defendant's contention that the evidence was legally insufficient to prove scheme to defraud in the first degree because the People failed to prove that any of the victim credit card holders sustained financial loss is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Bynum*, 70 NY2d 858 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of scheme to defraud in the first degree beyond a reasonable doubt (*see* Penal Law § 190.65 [1] [a]; *People v Shapiro*, 140 AD2d 470 [1988]). Under Penal Law § 190.65 (1) (a), with which the defendant was charged, the People were only required to prove that the defendant obtained property from at least one identified victim pursuant to a scheme to defraud 10 or more persons (*see* Penal Law § 190.65 [1] [a]; [2]). The People adduced evidence that before the scheme was discovered and the card hold-

ers' accounts credited, the defendant made unauthorized purchases of cruise tickets with 19 credit card numbers she had obtained from her place of employment which were charged to the accounts of card holders, all of whom were identified at trial.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.