[873 NYS2d 327]

The People of the State of New York, Appellant, v Stephen Price, Respondent.

Second Department, February 10, 2009

APPEARANCES OF COUNSEL

*Thomas J. Spota, District Attorney*, Riverhead (*Thomas Costello* of counsel), for appellant.

*Reynolds, Caronia, Gianelli, Hagney & La Pinta, LLP*, Hauppauge (*Paul Gianelli, Anthony M. La Pinta* and *Christopher B. Abbott* of counsel), for respondent.

## OPINION OF THE COURT

MASTRO, J.P.

In a criminal prosecution, may the People avoid the dismissal of an indictment on speedy trial grounds by invoking the "exceptional circumstances" exclusion of CPL 30.30 (4) (g) to exclude the period during which an appeal is pending in an unrelated prosecution involving similar legal issues? We hold today that they may not.

The defendant was arrested in Suffolk County on February 1, 2006 and was charged by felony complaint with the class E felony of attempted disseminating indecent material to a minor in the first degree (*see* Penal Law §§ 235.22, 110.05 [6]). Approximately six months later, on July 25, 2006, this Court decided the case of *People v Kozlow* (31 AD3d 788 [2006], *revd* 8 NY3d 554 [2007]), which involved a Westchester County prosecution of a different defendant for the same offense, and which bore strong factual similarities to the instant case. In that case, this Court concluded that the evidence of attempted disseminating indecent material to a minor in the first degree was legally insufficient where the defendant's Internet communications with an undercover police officer whom he believed to be a minor did not contain any visual sexual images (*id.*). It is undisputed that in the case at bar, the defendant's conduct similarly did not include the communication of any visual sexual images. Accordingly, the District Attorney's Office viewed this Court's decision in *People v Kozlow* (*id.*) as an impediment to the continued prosecution of the defendant, and it took no further action in this case. Significantly, the District Attorney did not seek to adjourn the matter, to withdraw the charge or to dismiss the felony complaint in the wake of this Court's decision.

On October 17, 2006, the Court of Appeals granted leave to appeal in the *Kozlow* case (7 NY3d 868 [2006]). Thereafter, on April 26, 2007, the Court of Appeals reversed this Court, holding in part that a defendant charged with the offense of attempted disseminating indecent material to a minor in the first

degree "may properly be convicted under that statute even though his communications contained no nude or sexual images" (*People v Kozlow*, 8 NY3d 554, 556 [2007]).

Viewing the decision of the Court of Appeals as having removed the impediment to the continued prosecution of the instant defendant, the People subsequently sought and obtained an indictment of the defendant, inter alia, for attempted disseminating indecent material to a minor in the first degree, and the defendant was arraigned on that indictment on June 14, 2007, more than 16 months after he initially was arraigned on the felony complaint. The defendant thereafter moved pursuant to CPL 210.20 (1) (g) and CPL 30.30 (1) (a) to dismiss the indictment based on the violation of his right to a speedy trial. The People opposed the motion, contending that the time between this Court's decision in *Kozlow* and the decision of the Court of Appeals reversing it should be excluded pursuant to the "exceptional circumstances" provision of CPL 30.30 (4) (g). In an order dated September 5, 2007, the Supreme Court, Suffolk County granted the defendant's motion and dismissed the indictment, finding that the statutory exclusion for "exceptional circumstances" did not apply to the facts of this case. We affirm.

"CPL 30.30 (1) (a) mandates that the People be ready for the trial of a felony within six months . . . from the commencement of the criminal action" (*People v Chavis*, 91 NY2d 500, 504 [1998]). "Failure to be ready within six months will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded" (*id.* at 504-505). "A defendant satisfies his initial burden under CPL 30.30 'by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period' " (*People v Drummond*, 215 AD2d 579, 580 [1995], quoting *People v Luperon*, 85 NY2d 71, 77-78 [1995]). "The burden then shifts to the People to identify the exclusions on which they intend to rely (*see, People v Luperon,* [85 NY2d 71, 77-78]*)*, commencing from the date on which the defendant was arraigned on the felony complaint" (*People v Drummond*, 215 AD2d at 580).

The defendant satisfied his initial burden on the motion in this case. Furthermore, it is undisputed that the People's delay in being ready for trial exceeded the six-month time limit of CPL 30.30 (1) (a) unless the period between the decisions of this Court in *People v Kozlow* (31 AD3d 788 [2006]) and the Court of Appeals (8 NY3d 554 [2007]) is excluded.

We find unpersuasive the People's contention that the foregoing interval should be excluded pursuant to the "exceptional circumstances" provision of CPL 30.30 (4) (g). That section provides that, in computing the time within which the People must be ready for trial, the court must exclude:

> "other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people's case and additional time is justified by the exceptional circumstances of the case" (CPL 30.30 [4] [g]).

Contrary to the People's contention, the period of time at issue in this case, and the shift in the law which it represented, did not constitute "exceptional circumstances" within the meaning of the statute.

Initially, we note that the prosecution never sought any continuance as referenced in CPL 30.30 (4) (g). Moreover, while the examples of exceptional circumstances set forth in that section are not exclusive, the statute clearly contemplates situations in which a district attorney encounters difficulty in obtaining evidence or in otherwise preparing for trial in the particular case before the court (*see generally People v Washington*, 43 NY2d 772 [1977]; *People v Robinson*, 47 AD3d 847 [2008]; *People v Williams*, 244 AD2d 587 [1997]). Furthermore, although the Penal Law excludes reasonable periods of delay caused by appeals which involve the particular defendant who is being prosecuted (*see* CPL 30.30 [4] [a]), it does not similarly provide for an exclusion of time during the pendency of an appeal in an unrelated matter which merely involves similar legal issues (*see People v Cortes*, 80 NY2d 201, 211-212 [1992]). To find otherwise would be to permit the People to charge a defendant with a crime and then hold the matter open indefinitely on the ground that a potentially relevant issue in another case before a different court might influence the open matter. Such an approach finds no support either in the language of the statute or in the

cases interpreting it, and is antithetical to the very purpose of the speedy trial rule itself.

The People contend that the exceptional circumstances exclusion should be applied here because this Court's decision in *People v Kozlow* (31 AD3d 788 [2006]) effectively placed the instant case in a "holding pattern" during which "[t]he matter could not legally or ethically have been presented to a Grand Jury nor could the People announce readiness [for trial]." However, while it is true that the case could not move forward, it never should have been placed in a "holding pattern" to begin with. Rather, once the People determined that this Court's *Kozlow* decision rendered the continued prosecution of the defendant impossible, they were obligated to terminate that prosecution. Had the People done so, they could have explored the possibility, if any, of commencing a subsequent prosecution of the defendant based on the reversal by the Court of Appeals in *People v Kozlow* (8 NY3d 554 [2007]).

Accordingly, the exceptional circumstances exclusion set forth in CPL 30.30 (4) (g) is not applicable to the circumstances of this case. Simply put, the term "exceptional circumstances," as used in that section and as interpreted by our courts, cannot be deemed to encompass a situation where the prosecution indefinitely holds open a pending criminal matter, which is ripe for dismissal, in anticipation of the possible establishment of case law more favorable to its position in the future.

The People additionally contend that the defendant's speedy trial motion should have been denied pursuant to CPL 30.30 (3) (b). That provision permits the court to deny such a motion where the prosecution had been ready for trial prior to the expiration of the speedy trial period, but was subsequently rendered unready due to some exceptional circumstance, such as the sudden and temporary unavailability of material evidence. However, the People did not advance this contention in the Supreme Court. Hence, it is impermissibly raised for the first time on appeal.

Accordingly, the order must be affirmed.

ANGIOLILLO, CARNI and ENG, JJ., concur.

Ordered that the order is affirmed.