■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON MURRAY, Appellant. [63 NYS3d 82]—

Appeals by the defendant from two judgments of the Supreme Court, Queens County (Griffin, J.), both rendered January 12, 2015, convicting him of assault in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third

degree under indictment No. 3055/12, and intimidating a victim or a witness in the third degree and aggravated harassment in the second degree under indictment No. 1474/13, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

After a consolidated jury trial at which the defendant testified on his own behalf, the defendant was convicted of assault in the second degree, criminal possession of a weapon in the second degree (two counts), intimidating a victim or a witness in the third degree, and related crimes. These convictions were based, in part, on evidence that the defendant pulled a gun on his nephew, who was shot multiple times during an ensuing struggle for the gun, and evidence that, after the nephew testified before the grand jury, the defendant called his home several times and said, "if you weren't my nephew you would be dead."

Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictments on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30. In felony cases, the People are required to be ready for trial within six months, or 181 days, after the commencement of the criminal action (see CPL 30.30 [1] [a]; *People v Nielsen*, 306 AD2d 500, 501 [2003]). Excludable periods include, inter alia, reasonable periods of delay resulting from other proceedings concerning the defendant, such as pretrial motions, or continuances obtained on consent or at the request of the defendant (see CPL 30.30 [4] [a], [b]; *People v Nielsen*, 306 AD2d at 501). Here, with respect to indictment No. 1474/13, only 114 days were chargeable to the People after subtracting periods excludable under CPL 30.30 (4). With respect to indictment No. 3055/12, at most, 158 days of delay were chargeable to the People after subtracting periods excludable under CPL 30.30 (4).

The defendant's contention that his conviction of intimidating a victim or a witness in the third degree was not supported by legally sufficient evidence is without merit. Viewing the evidence adduced at trial in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of that crime (see Penal Law § 215.15 [1]; *People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Henderson*, 265 AD2d 573 [1999]).

The defendant contends that he was deprived of the effective assistance of counsel because counsel did not review certain evidence with him and did not adequately prepare him to

testify at trial. This contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim" of ineffective assistance of counsel (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Marryshow*, 135 AD3d 964, 965 [2016]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding would be the appropriate forum for reviewing the claim in its entirety (*People v Galtieri*, 151 AD3d 879, 882 [2017]; *see People v Marryshow*, 135 AD3d at 965; *People v Freeman*, 93 AD3d 805, 806, 940 [2012]). Mastro, J.P., Leventhal, Maltese and Brathwaite Nelson, JJ., concur.