People v Cox (2018 NY Slip Op 03698)





People v Cox


2018 NY Slip Op 03698


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-01514
 (Ind. No. 2091/12)

[*1]The People of the State of New York, respondent, 
v
Troy Cox, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eric C. Washer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered February 11, 2015, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied both of his motions to dismiss the indictment, which motions were made on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a). Where a defendant is charged with a felony, the People must be ready for trial within six months of the commencement of the criminal action, not including excludable periods (see CPL 30.30[1][a]; People v Murray, 154 AD3d 881, 882; People v Price, 61 AD3d 127, 129, affd 14 NY3d 61). Here, the statutory period was 184 days, which commenced with the filing of the felony complaint on July 29, 2012 (see CPL 1.20[17]).
The People should have been charged with 18 days for the period between July 29, 2012, and August 16, 2012. Although the People contended that they mailed a certificate of readiness to defense counsel on August 10, 2012, there was no showing that they filed it with the Supreme Court. Therefore, the entire 18-day period was chargeable to the People (see People v Kendzia, 64 NY2d 331, 337; see also People v Titus, 95 AD3d 1042, 1043; cf. People v Myles, 26 AD3d 446, 447).
With respect to the period between October 31, 2012, and November 14, 2012, it was the defendant's duty, either in his initial motion papers or in a reply, to draw the Supreme Court's attention to this period that he now claims should have been chargeable to the People (see People v Beasley, 16 NY3d 289, 292). Since the defendant failed to do so, this claim is unpreserved for appellate review (see CPL 470.05[2]; People v Beasley, 16 NY3d at 292; People v Henderson, 120 AD3d 1258, 1259, affd 28 NY3d 63), and, in any event, the claim is without merit.
The Supreme Court also properly excluded the period of time between September 24, 2013, and October 22, 2013, attributable to an adjournment granted on the ground that defense [*2]counsel was engaged on another case (see People v Brown, 149 AD3d 584, 584; People v Brown, 207 AD2d 556, 557), notwithstanding the People's own lack of readiness (see People v Brown, 149 AD3d at 584; People v Mannino, 306 AD2d 157, 158).
Accordingly, less than 184 days were chargeable to the People. Further, the defendant failed to meet his burden of demonstrating that the People's statement of readiness was illusory (see People v Brown, 28 NY3d 392, 404; People v McCarthy, 146 AD3d 983, 983). Therefore, the defendant's motions to dismiss the indictment based upon alleged violations of his statutory right to a speedy trial were properly denied (see People v Murray, 154 AD3d 881; People v Price, 61 AD3d at 129).
The People's motion to compel the defendant to submit to a buccal swab for DNA testing was untimely pursuant to CPL 240.90. The People failed to explain the delay. However, the fact that the motion was untimely made does not mean that the admission of the evidence derived therefrom requires reversal, since the error did not implicate the defendant's constitutional rights (see People v Patterson, 78 NY2d 711, 716-717; People v Vieweg, 155 AD3d 1305; People v Beckham, 142 AD3d 556; People v Lewis, 44 AD3d 422, 422-423; People v Finkle, 192 AD2d 783, 788).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court