People v Weaver (2024 NY Slip Op 24275)

[*1]

People v Weaver

2024 NY Slip Op 24275

Decided on October 22, 2024

Supreme Court, Queens County

Gopee, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 22, 2024
Supreme Court, Queens County

The People of the State of New York

against
Jamar Weaver, Defendant.

Ind. No. 73511-2023

Joanna Matuza, Assistant District Attorney, for the People
Ronald Popo, The Legal Aid Society, Attorney for Defendant

Karen Gopee, J.

Summary of the Court's Decision:
1. The defendant's motion to invalidate the People's Certificate of Compliance is GRANTED.
2. The defendant's motion for speedy trial dismissal is DENIED.
The defendant, by written motion dated August 29, 2024, seeks invalidation of the People's Certificate of Compliance dated October 31, 2023 for failure to disclose Brady material. The People, by written opposition, aver that their Certificate of Compliance was filed in good faith after due diligence and that the material requested by the defense is not automatically discoverable.
After a review of the Court file, the submissions of both parties, and the record, the following constitutes the findings of the Court:
CERTIFICATE OF COMPLIANCE AND SPEEDY
TRIAL
Procedural History
The defendant was arrested for Criminal Possession of a Weapon in the Second Degree, P.L. § 265.03(1)(b), and other related charges for allegedly possessing a loaded firearm on September 1, 2023 in the vicinity of 91-59 97th Street in Queens. On September 5, 2023, the homeowner at 91-59 97th Street discovered another firearm and informed law enforcement. Officers responded and recovered the second firearm the same day. The People filed their Certificate of Compliance in this matter on October 31, 2023.
A suppression hearing on the first firearm was held on April 12, 2024 where law enforcement officers, including Officer Vincent Vaccaro, testified before this Court. On July 12, 2024, while preparing for trial with a new assistant district attorney, Officer Vaccaro disclosed the existence of the second firearm to the People. At the time of the disclosure, Officer Vaccaro admitted knowing about the second firearm from the day it was recovered and not disclosing the information because he didn't want to "confuse" things. That same day, the People disclosed this information to the defense. To date, the People have disclosed discovery relating to the second firearm including ECT paperwork, photographs, 911 calls, and operability reports.
[*2]Certificate of Compliance
The defendant challenges the validity of the Certificate of Compliance filed October 31, 2023 for failure to provide the defendant with Brady information that a second firearm was recovered from the same address, four days after his arrest. The People assert that their Certificate of Compliance and Statement of Readiness was filed in good faith after due diligence and that they complied with their discovery obligations before filing their opposition.
C.P.L. §245.20(1) requires the People to disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody, or control of the prosecution or persons under the prosecution's direction or control" prior to filing a certificate of compliance. C.P.L. § 245.20(2) specifies that "all items and information related to the prosecution of a charge in the possession of any New York state or local police, or law enforcement agency shall be deemed in the possession of the prosecution." Moreover, C.P.L. § 245.20(2) requires the People to make good faith and diligent efforts to obtain discoverable material or information pursuant to C.P.L. §245.20(1), unless such material would require subpoena duces tecum or information that defendant "may thereby obtain." Moreover, the People must turn over materials in their possession, custody and/or control prior to filing a statement of readiness. See People v. Bay, 41 NY3d 200 (2023).
Existing discovery in the possession of law enforcement is imputed to be in the custody and control of the People statutorily. See C.P.L. § 245.20(2). C.P.L. § 245 codifies the People's Brady obligations, requiring that the People provide the defendant with any material that is exculpatory or impeaching in nature. See C.P.L. § 245.20(1)(k); see also People v. Perez, 73 Misc 3d 171 (Sup. Ct., Queens Cty. 2021); People v. Lustig, 68 Misc 3d 234 (Crim. Ct., Queens Cty. 2020).
Here, while the People assert that they filed the Certificate of Compliance in good faith and with due diligence, essential discovery was missing. The People assert that the second firearm is not related to the first and aver that the related materials do not qualify under automatic discovery. To reach that conclusion, the ADA went to the location to determine the distance between where the first and second firearms were recovered. Presumably the DA's office also reinterviewed their officers, other officers and the homeowner who allegedly "discovered" both firearms and then requested and reviewed all material related to the second firearm. All these actions amount to due diligence conducted months post their filing of the certificate of compliance. While the People argue that they would have no way of knowing about the second firearm and no reason to question their officer about a potential second firearm, they fail to realize, had they met with or spoken to the homeowner that they knew had "discovered" the first firearm, they would have learned about the second firearm. The fact that the People failed to speak to this "essential" witness before filing their Statement of Readiness and before going forward with the hearing, is something this Court must consider in determining due diligence and/or illusoriness. While the Court recognizes and applauds the People's investigation to determine whether the first and second firearm are related, the Court must also recognize the defendant's right to conduct a similar investigation and/or question witnesses at a suppression hearing accordingly.
Moreover, if the new ADA's representation is accurate, and this Court has no reason to believe otherwise, their officer deliberately withheld the information for more than six months, including during his sworn testimony at defendant's suppression hearing. This officer presumably met with the DA's office several times, including for hearing preparation and for hearing testimony, and failed to disclose the recovery of a second firearm temporally and geographically close to the crime scene and location of the defendant's arrest. 
The People offer no legitimate reason for why the officer did not disclose this information in advance of the filing of the Certificate of Compliance other than the second firearm was treated as a "found firearm" which the homeowner discovered in the front yard — not near where the defendant was apprehended in the back. Despite the officer's and the DA's office's characterization of this second gun as "found and unrelated", this Court finds that there is sufficient nexus between the second firearm and the current matter under these circumstances which involved a police chase, an allegation of the defendant throwing an unknown item, the recovery of a firearm from the perimeter of this location which the defendant is being charged with possessing and abandoning, that was "discovered" with the assistance of the homeowner who days later "discovered" a second firearm in close proximity to first firearm. At a minimum, this information constitutes impeachment material that defendant should have had an opportunity to cross examine the witness on during the suppression hearing. However, given the officer's deliberate intention to hide the information and what this Court can only assume was calculated, tailored non-disclosure, and testimony, the information rises to the level of Brady. As such, it is automatically discoverable.
C.P.L. § 245.20 requires the People provide the defendant with all evidence and information that: "tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment. Information under this subdivision shall be disclosed whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information." See C.P.L. § 245.20(1)(k)(emphasis added).
Given that the second firearm and accompanying discovery was in possession of law enforcement since September 5, 2023 — four days after the inception of this case, and the material is automatically discoverable and deemed to be in the People's custody and control, the Court finds that the People have failed to comply with their discovery obligations. Accordingly, the Certificate of Compliance dated October 31, 2023 is INVALID and the defendant's motion to invalidate the Certificate of Compliance is GRANTED.
30.30 calculation
Pursuant to C.P.L. § 30.30(1)(a), a motion to dismiss must be granted "where the [prosecution is] not ready for trial within . . . six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony." To satisfy his initial burden under C.P.L. § 30.30, the defendant need allege "only that the prosecution failed to declare readiness within the statutorily prescribed time period." People v. Luperon, 85 NY2d 71, 77-78 (1995); see also People v. Drummond, 215 AD2d 579 (2d Dept. 1995).
Once the defendant has alleged that more than the statutorily prescribed time period has elapsed since the commencement of the action without a declaration of readiness by the prosecution, the prosecution bears the burden of establishing sufficient excludable delay. See C.P.L. § 30.30(4); People v. Berkowitz, 50 NY2d 333, 349 (1980); People v. Santos, 68 NY2d 859, 861 (1986); People v. Brown, 28 NY3d 392, 403 (2016); People v. Cantoni, 140 AD3d 782, 784 (2nd Dept. 2016); People v. Matos, 62 Misc 3d 128(A) (App. Term 2nd Dept. 2018).
The People must communicate readiness to the trial court and to defense counsel either in open court, or by filing a statement of readiness with the clerk of the court and serving a copy of the [*3]statement on defense counsel. People v. Smith, 82 NY2d 676 (1993). The People cannot "be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper" Certificate of Compliance "pursuant to" C.P.L. § 245.50(1). See People v. Bay, 41 NY3d 200 (2023).
September 2, 2023 to September 7, 2023
This matter commenced with the defendant's arraignment in Criminal Court on September 2, 2023. Bail was set and the matter was adjourned for grand jury action on September 6, 2023. As the C.P.L. § 180.80 day was September 7, 2023, the matter was adjourned to that date for Grand Jury action. As such, the People are charged with 6 days during this period. 
September 7, 2023 to September 18, 2023
On September 7, 2023, a certificate of voted indictment was filed and the case was adjourned to GWP-1 on September 18, 2023 for Supreme Court arraignment. As such, the People are charged with 11 days during this period.
September 18, 2023 to October 4, 2023
On September 18, 2023, the matter was not ready for arraignment and there was no Certificate of Compliance. Accordingly, the matter was adjourned to October 4, 2023. As such, the People are charged with 16 days during this period.
October 4, 2023 to November 1, 2023
The defendant was arraigned in Supreme Court on October 14, 2023 and the matter was adjourned for a Certificate of Compliance on November 1, 2023. However, the People filed the Certificate of Compliance that was invalidated above. Accordingly, the People are charged with 28 days.
November 1, 2023 to November 9, 2023
On November 1, 2023, the People indicated that they filed the now invalidated Certificate of Compliance. However, it was not served on the defendant or the Court. The matter was adjourned for an update on the Certificate of Compliance on November 9, 2023. Accordingly, the People are charged with 8 days during this period of time.
November 9, 2023 to December 15, 2023
On November 9, 2023, the defendant requested a motion schedule, and the matter was adjourned for the defendant to file his motions. Accordingly, this adjournment is excludable pursuant to C.P.L. § 30.30(4).
December 15, 2023 to February 2, 2024
At the December 15, 2023 appearance, the defendant requested additional time to file his motions. The matter was adjourned for the People to file their response. Accordingly, this is an excludable adjournment. See C.P.L. § 30.30(4).
February 2, 2024 to February 27, 2024
On February 2, 2024, the matter was conferenced and adjourned for the Court's decision on the defense motions. Accordingly, this is an excludable adjournment.
February 27, 2024 to March 26, 2024
Suppression hearings were granted by the Court on February 27, 2024 and the matter was adjourned to March 26, 2024. However, the People had yet to file a valid Certificate of Compliance and Statement of Readiness. Accordingly, the People are charged with 28 days. See People v. Bay, 41 NY3d 200 (2023).
March 26, 2024 to April 12, 2024
The parties were not ready for the suppression hearing on March 26, 2024. While the People [*4]requested March 27, 2024, the People had yet to file a valid Certificate of Compliance or Statement of Readiness. See People v. Bay, 41 NY3d 200 (2023). Accordingly, the People are charged with 17 days during this time period.
April 12, 2024 to May 8, 2024
The suppression hearing was conducted on April 12, 2024. The defendant moved to suppress, and a motion scheduled was requested. The matter was adjourned for the People's response. Accordingly, this is an excludable adjournment. See C.P.L. § 30.30(4).
May 8, 2024 to May 29, 2024
On May 8, 2024, the People requested additional time to file their response to the defendant's motion. The matter was adjourned for decision on suppression. Accordingly, this is an excludable adjournment. SeeC.P.L. § 30.30(4).
May 29, 2024 to June 12, 2024
Due to delays in the parties' submissions, the matter was again adjourned for decision. Accordingly, this is an excludable adjournment. See C.P.L. § 30.30(4).
June 12, 2024 to July 22, 2024
On June 12, 2024, the Court rendered an oral decision on the defendant's suppression motion where a written decision followed. The matter was adjourned for trial. However, a valid Certificate of Compliance remained outstanding. See People v. Bay, 41 NY3d 200 (2023). As such, the People are charged 40 days during this period.
July 22, 2024 to August 14, 2024
While the People stated ready for trial on July 22, 2024, the People had yet to comply with discovery. Therefore, this was not a valid statement of readiness. See People v. Bay, 41 NY3d 200 (2023). The matter was adjourned for conference. Accordingly, the People are charged with 23 days during this period.
August 14, 2024 to September 11, 2024
On August 14, 2024, the People indicated they filed a Supplemental Certificate of Compliance off-calendar. Moreover, the defendant requested time to file the motion before this Court. The matter was adjourned for the People's response. Accordingly, this is an excludable adjournment. See C.P.L. § 30.30(4).
September 11, 2024 to October 22, 2024
The People requested an additional week to respond to the defendant's motion. The matter was adjourned for the Court's decision. As such, this is an excludable adjournment. See C.P.L. § 30.30(4).
There are 177 days total charged in this case. As the chargeable time attributed to the People does not exceed six months (182 days in this matter), pursuant to C.P.L. § 30.30(1)(a)—to wit, a total of 177 days —the defendant's motion to dismiss on speedy trial grounds is DENIED.
This constitutes the decision and order of this Court.
RESERVATION OF RIGHTS
The defendants' motion for a reservation of rights is GRANTED to the extent provided in C.P.L. § 255.20(3).
This constitutes the decision and order of this Court.
Dated: October 22, 2024
Kew Gardens, New York
Karen Gopee, J.S.C.