■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED ARROYO, Appellant.—Judgment, Supreme Court, New York County (Livingston Wingate, J.), rendered September 18, 1985, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to a prison term of from 4½ to 9 years, unanimously affirmed.

On September 10, 1983, from the third story of a building, Detective Morrill surveyed the street through binoculars for drug transactions. He observed defendant and his codefendant give a glassine envelope to another person in exchange for money. Soon thereafter, the three men were apprehended by a backup team. Defendant's cheekbone was fractured as a result of being struck in the face by his arresting officer. The prosecution presented evidence that the officer struck defendant because he was resisting arrest. Defendant alleged that he had not sold drugs, that he was grabbed from behind by a person that he did not know was a police officer, and that the officer's attack was unprovoked. Defendant filed a complaint against the arresting officer which was investigated by the Police Department Internal Affairs Division. Defendant's defense was that the police officers framed him because they learned about his complaint.

The court admitted defendant's evidence that the arresting officer knew about the Internal Affairs investigation merely to show the officer's bias and hostility toward defendant and not for its truth. The court forbade the prosecutor from introduc-

ing the result of that investigation to rebut defendant's evidence, deciding that the fact of the investigation and not the result was relevant to the officer's state of mind. However, on redirect examination, the prosecutor asked the officer whether he had learned that Internal Affairs had determined that defendant's police brutality charges were unfounded. Upon counsel's objection, the court emphatically told the jury to disregard the prosecutor's statement. The court denied counsel's request for a mistrial. The court also denied counsel's request to introduce evidence that the Internal Affairs Division investigation was not thorough.

On appeal, defendant contends that he was denied a fair trial since the testimony that Internal Affairs had found defendant's complaint unfounded was inadmissible and prejudiced the jury against defendant in its assessment of credibility. Although the admission of the testimony was erroneous *(People v Morris,* 39 AD2d 750, 751), a mistrial was not warranted since the court sufficiently dispelled the prejudicial effect of the prosecutor's error by instructing the jury to disregard the testimony *(People v Hernandez,* 139 AD2d 472, 476).

Furthermore, notwithstanding defendant's assertions of error in the charge, the court's charge as a whole was proper since it adequately conveyed the concepts of accomplice liability and the prosecutor's burden of proof *(see, e.g., People v Flecha,* 161 AD2d 116). Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.