OPINION OF THE COURT
John M. Leventhal, J.
The People move for an order directing that blood be extracted from the defendant for the purpose of DNA testing. The defendant states that he has no opposition to the taking of blood for DNA testing, but moves for a protective order prohibiting the use of the results of the DNA test for any purpose other than this case. In particular, the defendant seeks *726 to prohibit a comparison of his DNA with any DNA in any other case.
In deciding this motion, the court has considered the People’s moving papers, the defendant’s notice of motion, the People’s affirmation in opposition to the motion for a protective order, the grand jury minutes and the court file.
Background
On May 8, 2002, an incident occurred between the defendant and his “girlfriend.”[1] For this incident, the defendant has been indicted for rape in the first degree and other related crimes. On June 25, 2002, the defendant was arraigned and pleaded not guilty.
By notice of motion dated August 15, 2002, the People moved for an order compelling the defendant to submit to DNA blood testing.[2] The defendant responded by stating that he has already consented to the DNA testing.[3] In the defendant’s response, the defendant asks for a protective order prohibiting, among a litany of other things, the use of the results for purposes other than this indictment. The defendant cites numerous general legal principles that allegedly indicate that the use of the DNA records for comparison to other matters violates his Fourth Amendment right to be free from unreasonable searches and seizures. In response to the motion for a protective order, the People cite one New York appellate decision (People v King, 232 AD2d 111, 117-118) and numerous out-of-state cases (State v Barkley, 144 NC App 514, 518-520, 551 SE2d 131, 134-136; State v McCord, 349 SC 477, 483-485, 562 SE2d 689, 692-694; Bickley v State, 227 Ga App 413, 489 SE2d 167; Washington v State, 653 So 2d 362, 364-365 [Fla]; People v Baylor, 97 Cal App 4th 504, 509, 118 Cal Rptr 2d 518, 522; Smith v State, 744 NE2d 437, 439-440 [Ind]; Wilson v State, 132 Md App 510, 544-550, 752 A2d 1250, 1269-1272) for the legal proposition that once a state has lawfully obtained *727 DNA information, it can, without violating the Fourth Amendment, use this information for any other case.[4]
The People further state that the DNA testing will be done by the New York City Medical Examiner’s office. After completing the DNA test, the medical examiner will place the results in a local database (LDIS) for comparisons with other DNA information contained therein. The DNA data will not be put in the state’s database until after the defendant’s conviction.
Independent of the defendant’s alleged consent, the court, considering the grand jury minutes and the papers, holds that the motion for blood testing is granted.[5]
Protective Order
Generally, a court should avoid deciding a constitutional issue if there is a nonconstitutional ground upon which the court may decide the motion (Matter of Beach v Shanley, 62 NY2d 241, 254; Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; People v Felix, 58 NY2d 156, 161). In this case, the court finds that the motion for a protective order can be resolved by examination of Executive Law § 995-d.[6]
Executive Law § 995-d reads as follows:
“§ 995-d. Confidentiality
“1. All records, findings, reports, and results of DNA testing performed on any person shall be confidential and may not be disclosed or redisclosed without the consent of the subject of such DNA testing. Such records, findings, reports and results shall not be released to insurance companies, employers or potential employers, health providers, employment screening or personnel companies, agencies, or services, private investigation services, and may not be disclosed in response to a subpoena or other compulsory legal process or warrant, or upon request or order of any agency, authority, division, office, corporation, partnership, or any other private or public entity or person, except that noth *728 ing contained herein shall prohibit disclosure in response to a subpoena issued on behalf of the subject of such DNA record or on behalf of a party in a civil proceeding where the subject of such DNA record has put such record in issue.
“2. Notwithstanding the provisions of subdivision one of this section, records, findings, reports, and results of DNA testing, other than a DNA record maintained in the state DNA identification index, may be disclosed in a criminal proceeding to the court, the prosecution, and the defense pursuant to a written request on a form prescribed by the commissioner of the division of criminal justice services. Notwithstanding the provisions of subdivision one of this section, a DNA record maintained in the state DNA identification index may be disclosed pursuant to section nine hundred ninety-five-c of this article.” (Emphasis added.)
Executive Law § 995-f makes it a class E felony for any person to violate the confidentiality of Executive Law § 995-d.
The first sentence of Executive Law § 995-d is clear that the revealing of the results of DNA testing to any person or entity is prohibited without the consent of the subject of the DNA testing.
Further, it is a crime for any person or agency to reveal or “redisclose,” without the subject’s consent, the findings of a DNA to any person, corporation, company or to any private or public agency including law enforcement agencies. The plain meaning of this statute would prohibit the medical examiner from placing the results of the defendant’s DNA test in the LDIS, since this would be disclosing a DNA finding without the defendant’s consent to a public entity.[7]
Additionally, the information is not available through the subpoena process, warrant, or order of any agency.[8]
Executive Law § 995-d contains three exceptions to its confidentiality requirements.[9] The first exception is upon consent of the subject of the DNA testing or in a civil proceeding where the subject of such DNA record has been placed on the record. In this case, the defendant does not consent to reveal the results to any entity not involved in this case nor is there a civil case pending.
*729 The second exception is to the court, the prosecution, or defense counsel in a criminal proceeding. The placing of the information in the LDIS is not the same as revealing DNA information to a court, a prosecutor, or a defense counsel in a criminal proceeding. Indeed comparing the DNA information with other information would indicate that there is no “criminal proceeding.” This exception is inapplicable to this case.
The third exception is pursuant to Executive Law § 995-c. Executive Law § 995-c applies to the state database after a person has been convicted of certain crimes. Since the defendant has not been convicted of any crimes, this exception is inapplicable.
The motion for a protective order is granted on the ground that any other result would violate the first sentence of Executive Law § 995-d.

. According to the defendant’s statement to the police and to an assistant district attorney, the defendant has another girlfriend other than the complainant.

. The prosecution does not state the evidentiary value of this test. This is somewhat disturbing since the defendant’s statements to law enforcement agents indicate that the defendant’s claim in this case is that all sexual encounters were consensual. Thus, DNA evidence is irrelevant as to the identity of the perpetrator.

. The court has no proof of this, and the exhibit that allegedly indicates consent does not support the allegation.

. The court has examined these cases and has Shepardized them and found that they in fact so hold.

. This holding is necessary because had the court relied on the defendant’s consent, the People would have been limited under the Fourth Amendment to the scope of such consent.

. This statute did not exist at the time that the law enforcement agents in People v King (232 AD2d 111) performed their comparison. In King the police compared the DNA samples in August 1991, well before the enactment of the statute.

. It may be that the existence of LDIS is a class E felony.

. It is unclear whether this includes a judicial order.

. Executive Law § 995-e makes the entire Executive Law § 995 inapplicable to federal agencies.