■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT HINES, Appellant. [796 NYS2d 652]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered October 22, 2003, convicting him of robbery in the first degree (two counts), criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

In reviewing suppression issues on appeal, great weight must be accorded to the determination of the hearing court, with its particular advantages of having seen and heard the witnesses (*see People v Morrison*, 258 AD2d 599 [1999]). Its determination should not be disturbed unless it is clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

After an investigation in which a complainant identified the defendant's brother Tyrone from a photograph array as the perpetrator, a detective brought Tyrone to the precinct for questioning. However, the detective noticed that Tyrone walked with a limp and his arm was in a cast. Further, Tyrone informed the detective that the defendant had the vehicle used in the robbery during the relevant time. When the defendant subsequently arrived at the precinct, the detective observed that the defendant also matched the description of the perpetrator given by the complainant and looked strikingly similar to his brother but, unlike his brother, had no physical impairments.

Based on the totality of the circumstances of this case, we find that the detective had a reasonable basis to believe that it was more probable than not that the defendant was the perpetrator of the crime (*see People v Maldonado*, 86 NY2d 631, 635 [1995]; *People v Carrasquillo*, 54 NY2d 248, 252 [1981]; *People v Javier*, 175 AD2d 182 [1991]; *see also People v Bigelow*, 66 NY2d 417, 423 [1985]). The subsequent search of the defendant's person, revealing proceeds from the instant robbery, as well as an earlier robbery, was therefore constitutional. Because its determination is supported by the record, we find no basis to disturb the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence (*see People v Morrison, supra; People v Prochilo, supra*).

Further, the defendant failed to object to the prosecutor's comments during summation, and therefore his argument

directed thereto is unpreserved for appellate review (*see People v Nuccie*, 57 NY2d 818, 819 [1982]; *People v Lopez*, 118 AD2d 873, 875 [1986]). In any event, his contention is without merit, as the prosecutor's challenged remarks were either responsive to the defendant's summation or constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Miller*, 183 AD2d 790 [1992]).

The defendant's contention that he was deprived the effective assistance of counsel is without merit (*see Strickland v Washington*, 466 US 668 [1984]). Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.