■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMYR EUGENE, Appellant. [812 NYS2d 578]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 14, 2003, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's general motion for a trial order of dismissal was not sufficiently specific to preserve for appellate review his claim that the evidence was legally insufficient to prove his identity as one of the perpetrators (*see People v Elmore*, 269 AD2d 404 [2000]; *People v King*, 238 AD2d 524 [1997]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Ricone*, 288 AD2d 402 [2001]; *People v Mouchette*, 192 AD2d 561 [1993]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]; *People v Prahalad*, 295 AD2d 373 [2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]; *see also People v Wells*, 18 AD3d 482, 483 [2005]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review. The defendant either failed to object to the remarks during the trial or, when an objection was made, failed to request further instructions or move for a mistrial after the court issued a curative instruction (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Hines,* 18 AD3d 882 [2005]). In any event, most of the challenged remarks constituted fair response to comments made during the defense counsel's summation (*see People v Washington,* 17 AD3d 384 [2005]; *People v Livigni,* 288 AD2d 323 [2001]; *People v Brunson,* 284 AD2d 406 [2001]; *People v Hill,* 176 AD2d 755 [1991]). To the extent that any of the prosecutor's comments were improper, any error was mitigated by the court's curative instructions and charge to the jury (*see People v Joseph,* 20 AD3d 435 [2005]; *People v Williams,* 14 AD3d 519 [2005]; *People v Credle,* 12 AD3d 456 [2004]; *People v Howe,* 292 AD2d 542 [2002]), or was not so prejudicial as to warrant reversal (*see People v Washington, supra; People v Prescott,* 300 AD2d 325, 326 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.