■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANESSA ROBINSON, Appellant. [821 NYS2d 923]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered April 21, 2005, convicting her of criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Florio, J.P., Crane, Luciano, Spolzino and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY STREIT, Appellant. [822 NYS2d 474]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Doyle, J.), imposed March 3, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Florio, J.P., Ritter, Luciano and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THOMPSON, Appellant. [822 NYS2d 451]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered December 10, 2003, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law §§ 110.00, 140.25 [2]; People v Castillo, 47 NY2d 270, 274-277 [1979]; People v Mitteager, 44 NY2d 927, 928 [1978]).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial is unpreserved for appellate review, and in any event, is without merit (see People v Rosen, 96 NY2d 329 [2001], cert denied 534 US 899 [2001]; see also People v Rivera, 5 NY3d 61, 67 [2005]).

The defendant's contentions raised in his supplemental pro se brief are without merit. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.