■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN AYALA, Appellant. [829 NYS2d 154]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered January 11, 2005, convicting him of burglary in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as his general motions to dismiss at the close of the People's case and at the close of all the evidence failed to specify any grounds for dismissal (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Thompson*, 33 AD3d 825 [2006]; *People v Eugene*, 27 AD3d 480, 480 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the burglars beyond a reasonable doubt (*see People v Charles*, 31 AD3d 657, 658 [2006], *lv denied* 7 NY3d 901 [2006]; *People v Stevens*, 27 AD3d 670, 671 [2006]; *People v Rodgers*, 6 AD3d 464, 465 [2004]; *People v Sease*, 305 AD2d 700, 701 [2003]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

Contrary to the defendant's contention in his supplemental pro se brief, the sentence imposed was not illegal. The trial evidence established that the crimes involved separate and distinct acts committed against separate victims (*see People v Salcedo*, 92 NY2d 1019, 1021 [1998]; *People v Ramirez*, 89 NY2d 444, 451 [1996]; *People v Niles*, 258 AD2d 478, 479 [1999]; *cf.* Penal Law § 70.25 [2]; *People v Davis*, 12 AD3d 237, 237-238 [2004]). Moreover, the sentence imposed was not excessive (*People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.