■ The People of the State of New York, Respondent, v Isaias Bermudez, Appellant. [828 NYS2d 554]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered April 4, 2003, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review. The defendant either failed to object to the remarks or, when an objection was made, failed to request further instructions or move for a mistrial after the court issued a curative instruction (*see* CPL 470.05 [2]; *People v Medina*, 53 NY2d 951, 953 [1981]; *People v Hines*, 18 AD3d 882 [2005]). In any event, the challenged remarks constituted fair response to comments made during the defense counsel's summation (*see People v Eugene*, 27 AD3d 480, 481 [2006]; *People v Washington*, 17 AD3d 384 [2005]).

The defendant's contention, raised in his supplemental pro se brief, that his CPL 30.30 rights and his constitutional speedy trial rights were violated is without merit. His remaining contention is unpreserved for appellate review. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.