■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN LEWIS, Appellant. [843 NYS2d 72]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered February 9, 2004, convicting defendant, after a jury trial, of murder in the second degree, grand larceny in the third degree, and 83 counts of forgery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 36 years to life, unanimously affirmed.

The People's failure to comply with the time limit in CPL 240.90 (1), which applies to a CPL 240.40 (2) (b) (vi) motion to compel handwriting exemplars, does not warrant reversal (*see* *People v Finkle*, 192 AD2d 783, 787-788 [1993], *lv denied* 82 NY2d 753 [1993]). Although the People failed to show good cause for their delay, the delay itself did not cause defendant

any prejudice (*see generally People v Jenkins*, 98 NY2d 280 [2002]). In any event, were we to find any error in the admission of the exemplars obtained by way of the belated motion, we would find it to be harmless. There was ample additional evidence of defendant's forgeries, including the testimony of two witnesses who saw him writing the victim's name on checks and the fact that some were payable to defendant's friend who had no connection to the victim. Moreover, the forgeries formed only a small part of the overwhelming circumstantial evidence supporting the murder charge. For these reasons, counsel's failure to cite the statutory time limit in his opposition to the People's motion did not prejudice defendant's case or deprive him of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]). Accordingly, we conclude that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The various evidentiary rulings challenged by defendant on appeal were appropriate exercises of discretion, in which the court admitted testimony that completed the narrative, explained other evidence or showed defendant's state of mind at certain junctures. This evidence was highly probative in this circumstantial case, and was not unduly prejudicial. Defendant's purported standing Confrontation Clause objection, made during jury selection, was insufficient to alert the court to any specific claims. Accordingly, defendant did not preserve any of his present constitutional challenges to the evidence at issue, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Defendant's claims regarding the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them without merit. Concur—Tom, J.P., Mazzarelli, Friedman, Sullivan and Nardelli, JJ.