THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO MUNIZ, Appellant. [844 NYS2d 396]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 30, 2005, convicting him of criminal possession of stolen property in the fourth degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor improperly exceeded the scope of a prior evidentiary ruling by asking the arresting officer whether he had been disciplined as a result of an Internal Affairs Division (hereinafter IAD) investigation. However, the court sustained an objection to this question, and immediately instructed the jury to disregard the arresting officer's answer.

Since the defendant neither requested further curative instructions nor moved for a mistrial, his present contention is unpreserved for appellate review (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Medina*, 53 NY2d 951, 952 [1981]; *People v Billups*, 41 AD3d 492 [2007]; *People v Bermudez*, 36 AD3d 928 [2007], *lv denied* 8 NY3d 944 [2007]; *People v Lewis*, 34 AD3d 599 [2006]). In any event, the court's curative instruction was sufficient to dispel any prejudice to the defendant (*see People v Arroyo*, 162 AD2d 359 [1990]).

Furthermore, the defendant's claim that the prosecutor also

exceeded the scope of the subject evidentiary ruling during the questioning of a second police witness is without merit. The challenged question as to whether the IAD investigation was still pending was within the scope of the ruling.

The defendant's argument that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review. The defendant failed to object to some of the challenged remarks, or, when an objection was made and sustained, failed to request further instructions or move for a mistrial after the court issued a curative instruction (*see People v Heide*, 84 NY2d at 944; *People v Salnave*, 41 AD3d 872 [2007]; *People v Bermudez*, 36 AD3d 928 [2007], *lv denied* 8 NY3d 944 [2007]; *People v Gillespie*, 36 AD3d 626 [2007], *lv denied* 8 NY3d 984 [2007]). In any event, the challenged remarks constituted fair response to comments made during the defense counsel's summation, or fair comment on the evidence (*see People v Salnave*, 41 AD3d 872 [2007]; *People v Tatum*, 39 AD3d 571 [2007]; *People v Bermudez*, 36 AD3d 928 [2007], *lv denied* 8 NY3d 944 [2007]; *People v Gillespie*, 36 AD3d 626 [2007], *lv denied* 8 NY3d 984 [2007]; *People v Barnes*, 33 AD3d 811 [2006]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.