■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY JENKINS, Appellant. [869 NYS2d 539]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 30, 2006, convicting him of burglary in the first degree, burglary in the second degree, robbery in the first degree, grand larceny in the third degree, criminal possession of a weapon in the fourth degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's general motion for a trial order of dismissal was not sufficiently specific to preserve for appellate review his claim that the evidence was legally insufficient to prove his identity as the perpetrator (*see* CPL 470.05 [2]; *People v Ayala*, 36 AD3d 827 [2007]; *People v Eugene*, 27 AD3d 480 [2006]). In any event, viewing the evidence in the light most favorable to

the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Schouenborg*, 42 AD3d 473 [2007]; *People v Dolan*, 2 AD3d 745, 746 [2003]; *see also People v Ayala*, 36 AD3d 827 [2007]; *People v Stevens*, 27 AD3d 670, 671 [2006]; *People v Eugene*, 27 AD3d 480 [2006]; *People v Sease*, 305 AD2d 700, 701 [2003]; *cf. People v Rush*, 242 AD2d 108, 109 [1998]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

At trial, the Supreme Court admitted into evidence a lab report of DNA testing and analysis performed at Cellmark, an independent, private laboratory, offered through Dr. Charlotte Word, a forensic DNA consultant employed by Cellmark who testified as an expert in the field of DNA testing and analysis. Contrary to the defendant's contention, the court properly admitted this report into evidence under the business records exception to the hearsay rule (*see* CPLR 4518 [a]; *People v Cratsley*, 86 NY2d 81, 89 [1995]). Although Word did not herself perform the testing, her testimony revealed her familiarity with the business practices and procedures of the private laboratory, and otherwise provided the proper foundation for the admission of the report (*see People v Cratsley*, 86 NY2d at 89; *People v Antongiorgi*, 242 AD2d 578 [1997]).

The admission into evidence of Cellmark's business records did not violate the defendant's right to confrontation under *Crawford v Washington* (541 US 36, 56 [2004]). As noted by the Court of Appeals in *People v Rawlins* (10 NY3d 136 [2008]), records of independent laboratories reflecting DNA test procedures and results are nontestimonial in nature, as DNA test results are not directly accusatory and law enforcement officials can not influence the tests' outcomes (*id.* at 159-160). Rather, the test results reflected by the admissible business records of Cellmark were compared to the defendant's known DNA profile by Kara Keblish, a criminologist employed by the Medical Examiner's office, who testified at trial and was subject to cross-examination regarding her opinions. Therefore, the defendant's right to confrontation was not violated (*id.* at 158-159).

We likewise find unavailing the defendant's argument that the Cellmark records were inadmissible as business records based on the characterization that they were prepared in anticipation of litigation, as that argument has been considered and rejected by the Court of Appeals under almost identical circumstances (*id.* at 159). Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.