OPINION OF THE COURT
Robert D. Kalish, J.
The People’s motion to compel the defendant Ivan Matos to permit the taking of oral swab samples from his body pursuant to CPL 240.40 and the defendant’s cross motion for a protective order pursuant to Executive Law § 995-d restricting the disclosure of the results of said testing are both granted as follows:
*254 In the instant criminal action, the defendant is charged with crimes stemming from two separate alleged times and places of occurrence (TPOs).
On the first TPO on or about December 27, 2011 at approximately 12:10 p.m. at 177 Avenue T, apartment IF in Kings County, the defendant is charged with violating Penal Law §§ 120.00 (1) — assault in the third degree (class A misdemean- or); 130.52 — forcible touching (class A misdemeanor); 130.60 (1) — sexual abuse in the second degree (class A misdemeanor); 135.05 — unlawful imprisonment in the second degree (class A misdemeanor); 110.00, 120.00 (1) — attempted assault in the third degree (class B misdemeanor); 120.15 — menacing in the third degree (class B misdemeanor); and 240.26 (1) — harassment in the second degree (violation).
On the second TPO on or about December 27, 2011 at approximately 5:00 a.m. at 1925 Bath Avenue in Kings County, the defendant is charged with violating Penal Law §§ 145.00 (1) — criminal mischief in the fourth degree (class A misdemeanor) and 145.60 (2) — making graffiti (class A misdemeanor).
The People now move pursuant to CPL 240.40 (2) (b) (v) for an order to permit the taking of an oral swab from the defendant’s body. The defendant opposes and cross-moves for a protective order pursuant Executive Law § 995-d.
Parties’ Contentions
The People indicate in their moving papers that on December 27, 2011 the defendant allegedly used his penis to penetrate the victim’s vagina without the victim’s consent. The People argue that in preparation for trial they intend to submit a DNA sample from the defendant, specifically, oral swab samples for DNA testing and analysis. The People intend to compare the defendant’s DNA sample with the male DNA profile recovered from a swab taken from the victim in the instant criminal action. The People indicate that if the defendant’s DNA matches the DNA from an amylase recovered from the swab taken of the victim subsequent to the alleged incident, then sexual contact between the defendant and the victim will be established.[1] The People conclude that based upon said arguments, they have met the requirements of CPL 240.40 (2) (b) to compel the defendant to submit to an oral swab DNA test.
*255 In opposition, the defense argues that the People have failed to timely move to permit the taking of an oral swab sample. Specifically, the defense argues that the People did not move for an oral swab until roughly 116 days after receiving a report indicating that amylase was allegedly found in a vulvar swab taken from the victim that could be compared to the defendant’s DNA. The defense further argues that the People have not established a clear indication that relevant material evidence will be found from the oral swab. Specifically, the defense argues that the People have failed to establish that the requested oral swab test is “safe and reliable.” The defense further argues that the People have failed to provide the defense with certain documents, which prevents the defense from commenting upon whether the testing methods are safe and reliable. The defense further argues that the People have not responded to discovery requests that are necessary for the defense to oppose the instant motion. Finally, should this court grant the People’s instant motion, the defense cross-moves pursuant to Executive Law § 995-d for a protective order limiting disclosure of the DNA test results to only the court, the prosecution and the defense in the instant criminal matter.
In their reply to the defendant’s opposition, the People reiterate that they intend to compare the defendant’s DNA sample recovered from the requested oral swab to the male DNA profile recovered from the swab taken of the victim in the instant case. The People further argue that there was a delay in the assigned assistant district attorney’s (ADA) receipt of the OCME laboratory report indicating that the DNA of an unidentified male had been recovered from the victim’s swab test. Specifically, the People argue that on or about January or February of 2012, the People received a laboratory report from the OCME indicating that amylase was recovered from a vulvar swab of the victim, however said report did not indicate that male DNA was recovered. The People indicate that since amylase is commonly present in the female vulva, they did not move to compel an oral swab test of the defendant at that time. The People further indicate that on April 17, 2012, they were informed by the New York Police Department OCME liaison unit that the OCME had recovered a positive DNA result from the amylase. The People indicate that on April 19, 2012, they contacted the OCME and *256 requested any additional reports in regards to the instant case. The People affirm that on April 19, 2012 they received the OCME laboratory report indicating that the victim’s and an unknown male’s DNA were found from the vulvar swab.
The People argue that the assigned ADA did not receive the OCME report until April 19, 2012 and only after making proactive efforts to contact and obtain said report from the OCME. The People further argue that once they received the OCME report indicating that male DNA had been recovered from the vulvar swab, they made the instant motion within 20 days thereafter (on May 8, 2012). Therefore, the People argue that there was “good cause” for their delay in moving to compel an oral swab pursuant to CPL 240.40.
In the alternative, the People argue that the 45-day time limit of CPL 240.90 (10) does not apply to nontestimonial evidence, including DNA evidence obtained from oral swab tests. Specifically, the People argue that said evidence is nontestimonial in nature and does not implicate the defendant’s constitutional rights. The People do not include in their reply papers any objection to the defendant’s motion for a protective order pursuant to Executive Law § 995-d restricting disclosure of the testing results.
Analysis
The People’s Motion for a DNA Swab Test to be Performed on the Defendant’s Person Pursuant to CPL 240.40 (2) (b) (v) Directly Implicates the Defendant’s Fourth Amendment Rights and is Therefore Subject to the 45-Day Requirement of CPL 240.90
There is no question that the People are now making a discovery motion pursuant to CPL 240.40 to compel the defendant to submit to DNA testing, or that discovery motions fall under the provisions of CPL 240.90 (1), which specifically requires that “[a] motion by a prosecutor for discovery shall be made within forty-five days after arraignment, but for good cause shown may be made at any time before commencement of trial.” Further, it is undisputed that the People made the instant motion more than 45 days after the defendant’s arraignment. However, the People argue in part that the 45-day rule does not apply to the instant motion because a request for the defendant to submit to an oral swab test does not implicate any of the defendant’s constitutional rights. Said argument is incorrect.
The People rely primarily upon People v Finkle (192 AD2d 783 [3d Dept 1993], lv denied 82 NY2d 753 [1993]) and People v *257 Smith (86 AD2d 251 [3d Dept 1982]) in arguing that a motion pursuant to CPL 240.40 to compel the defendant to submit to oral swab testing does not implicate his constitutional rights. The People further cite to People v Beecham (25 Misc 3d 1214[A], 2009 NY Slip Op 52090[U] [Sup Ct, Westchester County 2009]), which in turn also relies upon People v Finkle and People v Smith for the position that DNA obtained from an oral swab test of a defendant’s body does not implicate any of his constitutional rights. However, the People’s reliance upon these cases is misplaced as neither People v Finkle nor People v Smith stands for the position that no nontestimonial evidence regardless of type has any implication upon a defendant’s constitutional rights.
Although both People v Finkle and People v Smith address nontestimonial evidence, said cases address specific types of evidence that are constitutionally distinguishable from DNA evidence obtained from an oral swab test. In People v Finkle, the People requested a “writing exemplar” from the defendant, which the court ruled did not implicate any of the defendant’s constitutional rights (192 AD2d 787-788). Similarly, in People v Smith the People requested a “voice exampler” from the defendant, which the court ruled did not implicate the defendant’s Fifth or Fourth Amendment protections.
In point of fact, both the decisions in People v Finkle and People v Smith allow for the possibility that a request for non-testimonial evidence may implicate a defendant’s constitutional rights and therefore would be subject to the 45-day rule of CPL 240.90. In People v Finkle the court specifically stated that a “[violation of CPL 240.90 (1) does not require suppression or reversal unless constitutionally protected rights are implicated” (People v Finkle, 192 AD2d 783, 788 [1993], citing People v Patterson, 78 NY2d 711 [1991] [emphasis added]). Said finding does not preclude the possibility that a request for some form of nontestimonial evidence might implicate a defendant’s constitutional rights. Similarly, in People v Smith, the court specifically concluded that a “voice exemplar” does not violate the privilege against self-incrimination and conducted an analysis before concluding that the seizure of a voice exemplar “does not involve the ‘severe, though brief, intrusion upon cherished personal security,’ ” or any “intrusion into the body,” and therefore does not impinge upon any interest protected by the Fourth Amendment (People v Smith, 86 AD2d 251, 252-253 [1982], quoting United States v Dionisio, 410 US 1, 14, 15 [1973]; United States *258 v Wade, 388 US 218 [1967]). The Appellate Division’s analysis of a “voice exampler” as a specific type of nontestimonial evidence that did not have constitutional implications is inconsistent with the People’s conclusion that all nontestimonial evidence, regardless of specific type, has no constitutional implications.
This court does note that the decision in People v Finkle includes the sentence that “[b]ecause a writing exemplar is not testimonial evidence, no constitutional rights were implicated in this case” (192 AD2d at 788). Several lower courts have read this sentence to mean that nontestimonial evidence, including DNA evidence obtained from oral swabs taken of the defendant, i.e., buccal cell samples, has no constitutional implications (see People v Beecham, 25 Misc 3d 1214[A], 2009 NY Slip Op 52090[U] [2009]; People v Lewis, 35 Misc 3d 1216[A], 2012 NY Slip Op 50718DJ] [Crim Ct, Kings County 2012]). However, a decision by the Appellate Division for the Third Department confirms that certain nontestimonial evidence, specifically DNA evidence directly obtained from a defendant’s body, does implicate said defendant’s Fourth Amendment right to be free from unreasonable intrusions into his body.
“As c[t]he overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State’ . . . , it can hardly be disputed that defendant enjoyed the right to be free from unreasonable intrusions into his body for the purpose of obtaining his bodily fluids or, in this case, DNA” (People v Sterling, 57 AD3d 1110, 1111 [3d Dept 2008] [emphasis omitted], lv denied 12 NY3d 788 [2009], quoting Schmerber v California, 384 US 757, 767 [1966]; Vernonia School Dist. 47J v Acton, 515 US 646 [1995]).
Although said right is not implicated where a DNA sample is retrieved from a source other than directly from the defendant’s body, this court agrees with the Appellate Division for the Third Department’s determination that a defendant clearly has a right under the Fourth Amendment to be free from unreasonable intrusions into his body. Said Fourth Amendment protection is directly implicated by the People’s instant motion for an oral swab test to be performed of the defendant’s mouth for the purpose of obtaining his DNA. Therefore, as the instant motion for an oral swab test directly implicates the defendant’s Fourth Amendment protections, this court finds that the instant motion is subject to the 45-day rule of GPL 240.90 unless the People *259 can show “good cause” for their delay (see People v Finkle, 192 AD2d 783, 788 [1993], citing People v Patterson, 78 NY2d 711 [1991]; see also People v Cherry, 34 Misc 3d 1235[A], 2012 NY Slip Op 50378[U] [Crim Ct, Kings County 2012]; People v Vernon B., 35 Misc 3d 1241[A], 2012 NY Slip Op 51097[U] [Crim Ct, Kings County 2012]).[2] To the extent that the instant determination differs from other lower courts’ decisions, this court respectfully disagrees.[3]
In the Instant Case, the People Have Established “Good Cause” for Their Delay in Moving to Compel a DNA Swab
In the instant matter, this court finds that the People have established “good cause” for their delay in making the instant motion. The People state in their reply papers that the ADA assigned to the instant case did not receive the OCME laboratory report indicating that the DNA of an unidentified male had been recovered from the victim’s swab test until April 19, 2012, and that the People made the instant motion within 20 days thereafter on May 8, 2012. The People further indicate that this was after they had made proactive efforts to obtain said report. Based upon said representations by the People and in the absence of any showing by the defense that the People acted in bad faith, this court finds that the People have established good cause for making the instant motion more than 45 days after the defendant’s arraignment. Therefore, this court finds that the People’s motion is timely and will determine the People’s motion according to the standards set forth in Matter of Abe A. (56 NY2d 288, 291 [1982]).
*260 The People Have Established Adequate Grounds for the Court to Grant the Instant Motion
CPL 240.40 (2) (b) (v) reads in relevant part as follows:
“§ 240.40 Discovery; upon court order . . .
“2. Upon motion of the prosecutor, and subject to constitutional limitation, the court in which an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending: ...(b) may order the defendant to provide non-testimonial evidence. Such order may, among other things, require the defendant to: . . .
“(v) Permit the taking of samples of blood, hair or other materials from his body in a manner not involving an unreasonable intrusion thereof or a risk of serious physical injury thereto . . . .”
Evidence representing DNA test procedures and results is nontestimonial in nature, and the People may seek a court order compelling the defendant to provide said evidence pursuant to CPL 240.40 (2) (b) (v) (see People v Brown, 13 NY3d 332 [2009]; People v Freycinet, 11 NY3d 38 [2008]; People v Rawlins, 10 NY3d 136 [2008]; People v Jenkins, 55 AD3d 850 [2d Dept 2008]; People v Sirmons, 242 AD2d 883, 885 [4th Dept 1997], lv denied 92 NY2d 1038 [1998]). In order for a court to compel an individual to furnish nontestimonial evidence to the prosecution the following three elements must be established: (1) that there exists probable cause to believe that the individual from whom nontestimonial evidence is sought has committed the crime under investigation, (2) that there exists a clear indication that relevant and material evidence will be found as a result of the disclosure of the nontestimonial evidence sought, and (3) that the method used to obtain the nontestimonial evidence sought is safe and reliable (see Matter of Abe A., 56 NY2d 288, 291 [1982]; People v King, 232 AD2d 111 [2d Dept 1997], lv denied 91 NY2d 875 [1997]; see also People v Vernon B., 2012 NY Slip Op 51097[U] [2012]; People v Lewis, 35 Misc 3d 1216[A], 2012 NY Slip Op 50718[U] [2012]; People v Cherry, 34 Misc 3d 1235[A], 2012 NY Slip Op 50378[U] [2012]; People v Washington, 33 Misc 3d 640 [Crim Ct, Kings County 2011]). “In addition, the issuing court must weigh the seriousness of the crime, the importance of the evidence to the investigation, and the availability of less intrusive means of obtaining it, against concern for the suspect’s constitutional right to be free from bodily *261 intrusion” (People v King, 232 AD2d at 116, citing Matter of Abe A., 56 NY2d 288, 291 [1982]).
Upon review of the parties’ submitted papers and the court file for the underlying action, this court finds that there exists probable cause to believe that the defendant committed the crimes alleged. In the instant action, the defendant is being charged pursuant to a misdemeanor information including a supporting deposition by the victim affirming all of the factual allegations. Therefore, the underlying charges against the defendant are based upon nonhearsay factual allegations affirmed by the victim, which are sufficient to establish reasonable cause to believe that the defendant committed the offense charged (CPL 100.40 [1] [b]; see also People v Jackson, 18 Misc 3d 1102[A], 2007 NY Slip Op 52383[U], *4 [Crim Ct, NY County 2007], citing People v Inserra, 4 NY3d 30 [2004]; People v Khan, 15 Misc 3d 1131[A], 2007 NY Slip Op 50947[U] [Crim Ct, NY County 2007]; People v Duran, 25 Misc 3d 1210[A], 2009 NY Slip Op 52020[U] [Crim Ct, NY County 2009]). The Court of Appeals has held that “probable cause” is the equivalent of “reasonable cause” (see People v Maldonado, 86 NY2d 631 [1995]; see also People v Kalin, 12 NY3d 225 [2009], citing People v Henderson, 92 NY2d 677, 680 [1999]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.40 at 388). In the absence of any challenge to the facial sufficiency of the misdemeanor information, this court finds that there is probable cause that the defendant violated Penal Law §§ 130.52 — forcible touching and 130.60 (1) — sexual abuse in the second degree based upon the factual allegations made in the misdemeanor information. Therefore, this court finds that the People have met the first prong for compelling a DNA test pursuant to Matter of Abe A. (56 NY2d 288 [1982]).
This court further finds that there is a clear indication that relevant and material evidence will be found as a result of the DNA swab. The People indicate in their papers that a male DNA profile was recovered from a vulvar swab taken from the victim subsequent to the alleged incident of December 27, 2011, and that said DNA profile can be compared to the defendant’s DNA. Therefore, the court finds that the People have also met the second prong for compelling an oral swab test pursuant to Matter of Abe A. (56 NY2d 288 [1982]).
Finally, this court finds that so long as the oral swab test is performed by a trained professional in accordance with accepted procedures prescribed for the taking of an oral swab, the method *262 to be utilized will be deemed safe, reliable and free from unreasonable intrusion or risk of serious physical injury (see People v Beecham, 25 Misc 3d 1214[A], 2009 NY Slip Op 52090[U] [2009]). Inasmuch as the oral swab tests and procedures routinely used by the People in order to obtain DNA evidence meet said requirements, the court finds that the People have met the third prong for compelling a DNA test pursuant to Matter of Abe A. (56 NY2d 288 [1982]).
The defense’s remaining arguments that the People have failed to provide requested discovery and/or required disclosures are without relevance to the instant motion.
In the Absence of Any Objection by the People, the Defendant’s Cross Motion for a Protective Order Restricting the Disclosure of the DNA Swab Results is Granted Pursuant to CPL 240.50 and Executive Law §§ 995-d and 995-f
Pursuant to CPL 240.50, this court may issue a protective order denying, limiting, conditioning or regulating discovery for good cause, including constitutional limitations and the protection of the confidentiality of informants. Further Executive Law § 995-d (1) indicates that the “results of DNA testing performed on any person shall be confidential and may not be disclosed or redisclosed without the consent of the subject of such DNA testing.” Pursuant to Executive Law § 995-f, violating the confidentiality of Executive Law § 995-d is a class E felony.
As of the date of this decision, neither the New York Court of Appeals nor the Appellate Division has addressed the specific issue of whether Executive Law § 995-d creates a basis for a court to issue a protective order limiting the disclosure of DNA test results prior to conviction and after a court-ordered DNA sample has been taken of a defendant.
The New York Supreme Court for Kings County specifically addressed this issue in People v Rodriguez (193 Misc 2d 725 [2002]) and again on reargument (196 Misc 2d 217 [2003]). In said case, the court addressed a motion for a protective order very similar to the instant cross motion, and granted a protective order prohibiting the medical examiner from placing a defendant’s DNA test results into its local database (LDIS). On re-argument, the court adhered to its ruling that Executive Law § 995-d prohibited the OCME from entering a defendant’s DNA into the LDIS database (see People v Rodriguez, 196 Misc 2d 217, 221-222 [2003]).
Although People v Rodriguez is not binding upon this court, having reviewed the case this court finds the Supreme *263 Court’s decision to be sound and hereby adopts the reasoning set forth therein. Just as in People v Rodriguez, the defendant in the instant case has not consented to having his DNA information entered into the OCME database. Further, the defendant has not been convicted of any crimes in the instant matter and the defendant’s criminal history report does not show that the defendant had any criminal convictions or arrests prior to the instant criminal action.
Conclusion
Accordingly, the People’s instant motion is granted to the extent that oral swabs will be taken from the body of the defendant, Ivan Matos, in a manner not involving an unreasonable intrusion thereof or risk of serious physical injury thereto.
It is further ordered that for the purposes of taking said oral swab samples, the defendant shall be made available for the New York City court officers, detectives of the New York City Police Department and/or detective investigators from the Kings County District Attorney’s Office to take the oral swab samples, which representatives will thereafter take custody of said oral samples.
It is further ordered that the defendant shall appear for the oral DNA swab, at a time and place mutually agreed upon by the People and the defendant’s counsel, no later than 14 days from the date of the instant decision and order.
It is further ordered that upon receipt of the results of the oral swab, the People will provide said results forthwith to the defendant’s counsel.
Further, in the absence of any objection by the People or any indication by the People that entering the defendant’s DNA information into the OCME database falls within the confidentiality exceptions given by Executive Law § 995-d (2), the defendant’s cross motion for a protective order is hereby granted to the extent that the results of defendant’s court-ordered oral swab testing shall be disclosed only as permitted under Executive Law § 995-d, which in the instant matter does not include entry into the OCME database at this time.

. The People indicate in their moving papers that a sexual assault kit was performed on the victim subsequent to the police officers responding to the alleged December 27, 2011 incident. The defense includes with their opposition *255 papers a copy of the laboratory report from the Office of the Chief Medical Examiner (OCME) indicating that the OCME received the sexual assault kit on December 28, 2011.

. This court notes that there is a distinction between the question of whether a motion to compel an oral swab test of a defendant is subject to the 45-day rule of CPL 240.90 and whether the People’s failure to meet the requirements of CPL 240.90 in requesting such a test warrants the reversal of a subsequent conviction. In order to reverse a conviction based upon the People’s failure to comply with CPL 240.90, the defendant must show that he was prejudiced by said failure (see People v Lewis, 44 AD3d 422 [1st Dept 2007], lv denied 9 NY3d 1035 [2008]; People v Ruffell, 55 AD3d 1271 [4th Dept 2008], lv denied 11 NY3d 900 [2008]). However, the People’s motion for an oral swab test of a defendant’s body pursuant to CPL 240.40 is subject to the 45-day rule of CPL 240.90 regardless of whether or not the People’s failure to meet said requirement is ultimately sufficient grounds for reversal.

. This court notes that it has previously addressed this issue in a prior unpublished decision, including the same reference to People v Sterling (see People v Phillip, Apr. 29, 2010, 2009KN090945). As such, the instant decision reiterates this court’s prior determination that requests for oral swab tests implicate defendants’ Fourth Amendment protections.