OPINION OF THE COURT
Lisa A. Sokoloff, J.
On July 7, 2014, defendant Brandon Wright was charged with criminal possession of a firearm (Penal Law § 265.01-b). The People contend that police officers recovered a firearm from inside a backpack near the defendant’s feet. The firearm was vouchered and swabbed for DNA, the swabs were sent to the Office of the Chief Medical Examiner for testing and, according to the People, DNA suitable for comparison was recovered from the trigger/trigger guard.
By motion filed October 23, 2014, the People moved for an order, pursuant to Criminal Procedure Law § 240.40 (2) (b) (v), authorizing the taking of saliva and buccal cell samples from defendant for the purpose of DNA testing.
Defendant opposes the motion, or, in the alternative, moves for a protective order “denying, limiting, conditioning” or “regulating” the discovery requested in the People’s proposed order “for good cause, including constitutional limitations,” pursuant to CPL 240.50 (1).
This case presents the issue of whether the court has the authority to grant the People’s motion for discovery where only a felony complaint has been lodged. The court holds that it is not so empowered under the present statutory dictates of CPL 240.40.
There is no general constitutional right to discovery in criminal cases (Matter of Miller v Schwartz, 72 NY2d 869 [1988]). Discovery in a criminal proceeding is entirely governed by statute (People v Copicotto, 50 NY2d 222 [1980]). Article 240 of the CPL governs the method of obtaining discovery, and permits a court, upon motion of the prosecutor, to require a defendant to permit “the taking of samples of blood, hair or other materials from his body” (CPL 240.40 [2] [b] [v]). However, to issue such an order, the court must be “the court in which an indictment, superior court information, prosecutor’s information, information, or simplified information charging a misdemeanor is pending” (CPL 240.40 [2]). Without one of these accusatory instruments the court does not have jurisdiction to order the taking of the saliva sample.
Missing from the statute is any provision for discovery involving a defendant against whom a felony complaint is pending. *940 The reason for this omission is explained in People v Hale (167 Misc 2d 872, 875 [Sup Ct, Kangs County 1996]):
“While both a felony complaint and a misdemeanor complaint serve to commence a criminal action, neither is a basis for prosecution (CPL 1.20 [7], [8]). The primary purpose of the felony complaint ‘is to determine whether the defendant is to be held for the action of a grand jury with respect to the charges contained therein’ (CPL 180.10 [1]). In presenting evidence to the Grand Jury, the District Attorney is not bound by the charges in the felony complaint, but may include evidence of additional incidents, more serious crimes, or additional complainants. Moreover, the felony charges contained in the felony complaint may be reduced to misdemeanors or petty offenses. By restricting discovery to those individuals already indicted, the Legislature sought to avoid unnecessary, wasteful, and incomplete discovery.”
There is no provision in the Criminal Procedure Law that would entitle an individual against whom a felony complaint is pending to discovery before he is indicted (Matter of Brown v Appelman, 241 AD2d 279 [2d Dept 1998]). Here, the defendant has been arraigned only on a felony complaint; his case is pending in Part F awaiting grand jury action. Thus, this court is without authority to issue an order requiring the defendant to permit the taking of a saliva sample.
Based upon the foregoing, it is ordered that the People’s motion is denied.