OPINION OF THE COURT
Joy Campanelli, J.
By motion filed June 10, 2015 the People of the State of New York move pursuant to CPL 240.40 (2) (b) (v) to compel Enrique Acosta to submit to a saliva sample to be taken by means of an oral swab. By affidavit filed July 6, 2015, the defendant opposes the motion.
The complaint of Police Officer Vaughan Ettienne dated July 20, 2014 states in pertinent part that on July 19, 2014 at approximately 5:35 p.m. at 795 Putnam Avenue, Brooklyn:
“The defendant committed the offense(s) of:
“Penal Law 265.01 (1) Criminal Possession of a Weapon in the Fourth Degree “In that the defendant did:
“At the above time and place, which was in public, Deponent observed Defendant in possession of a .22 Jennings pistol in that Deponent recovered said pistol from inside a grill where deponent had placed it.
“Deponent further states that deponent observed the serial number(s) of the above-described pistol had been scratched so as to render the serial number(s) from said pistol illegible.
“Deponent is informed by defendant’s own statements wherein defendant stated, in sum and substance, that at the above time and place, defendant was carrying the above described pistol.
“On July 19, 2014 the firearm was swabbed for DNA.[1] The defendant was arraigned on July 20, 2014.”
Almost seven months later, on February 10, 2015 the DNA swabs taken from the firearm were sent to the Office of the Chief Medical Examiner of the City of New York (OCME) for evaluation. More than four months later, on May 18, 2015 OCME reported that DNA was found on the firearm, which *959 was suitable for comparison. A month later the people filed this motion.
The People argue that a compelled DNA swab of the defendant’s mouth is permissible under CPL 240.40 (2) (b) (v). CPL 240.40 allows for the prosecution to take non-testimonial evidence, including saliva samples, from the defendant. The People concede that CPL 240.90 dictates that discovery motions by the prosecution must be made within 45 days after arraignment. This time limit can be extended upon a showing of “good cause” for the delay. The People contend that even though their motion was filed 281 days beyond the 45 allowable days, they have sufficient good cause because it was not until May 18, 2015 that OCME reported to the DA’s office that there was DNA suitable for comparison. Without DNA suitable for comparison, the People claim there would be no reason to take DNA from the defendant and thus the motion would be baseless.
Alternatively, the People argue that even if their motion is found to be untimely, preclusion of the evidence is not the proper remedy as it is a “severe sanction.” Further, they assert that the delay did not prejudice the defendant.[2]
In opposition to the motion, the defendant asserts that the People did not have good cause to wait 281 days beyond the statutorily allowed period. Specifically, defendant points to the fact that the People waited until February 10, 2015 to send the firearm to OCME for evaluation. The defendant contends the initial delay of some eight months in submitting the DNA was solely the fault of the People. In addressing the People’s contention that in the absence of prejudice, the evidence should not be suppressed, the defendant claims, inter alia, that if the legislature had intended to include such an exception, they would have explicitly written it into the statute.
CPL 240.90 (1) states: “A motion by a prosecutor for discovery shall be made within forty-five days after arraignment, but for good cause shown may be made at any time before commencement of trial.” However, completely ignoring the time constraint imposed by CPL 240.90 (1) is cause for denying the People any belated opportunity to swab the defendant for DNA (see e.g. People v Cherry, 34 Misc 3d 1235[A], 2012 NY Slip Op 50378[U] *960 [2012] [where the court in Cherry denied the motion because the People did not address their failure to timely file the motion]).[3] Conversely, where the People were diligent and proactive in their efforts to obtain the report from OCME, the People’s good cause showing is more likely to be found to be legitimate (see People v Matos, 37 Misc 3d 252, 259 [Crim Ct, Kings County 2012]).
In the instant case, the People make this motion 326 days after the defendant was arraigned — 281 days over the 45-day allowance. The People place the blame for this substantial delay on the slow work of OCME. The closest allegation of good cause that the People offer is that it was not until May 18, 2015 that OCME had a DNA sample from the firearm that was suitable for comparison. The date that is conspicuously absent from the People’s motion is February 10, 2015 — the date when the People first sent the firearm to OCME. The People do not offer any good cause for the delay in the firearm being sent out to be tested. This failure to submit the weapon for a test in a timely fashion and then failure to be proactive and diligently pursue the DNA report for months renders the People’s motion untimely.
Further, the court rejects the People’s argument that even if their motion is found to be untimely, they should nevertheless be permitted to swab the defendant for DNA. The People claim that to prohibit them from obtaining the DNA would be a severe sanction.
People also assert that the delay in the request for a compelled DNA sample does not prejudice the defendant. In fact, the People claim that the taking of a sample could never prejudice the defendant as the results could exculpate him (citing People v Jenkins, 98 NY2d 280, 284 [2002]; People v Lewis, 44 AD3d 422 [1st Dept 2007]; People v Beecham, 25 Misc 3d 1214[A], 2009 NY Slip Op 52090[U] [Sup Ct, Westchester County 2009]). These cases are inapposite. Lewis and Jenkins were cases decided on appeal after trial. At that level the court is tasked with determining whether or not the introduction of a certain piece of evidence prejudiced the outcome of the case, or if there was overwhelming evidence to convict, thus making the error harmless. In other words, at the appellate level the question of prejudice to the defendant is the vital issue to be *961 addressed. The instant case is in the decidedly different context of pretrial discovery. At this stage, whether or not the People were in compliance with CPL 240.90 (1) is the only relevant inquiry. Under CPL 240.90 (1) the only reason the People can belatedly compel discovery from the defendant is upon a showing of good cause. Prejudice to the defendant is simply not addressed in the statute.
Further, those cases understate the fundamental right one has in being free of a bodily intrusion.
“ ‘[T]he overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State’ . . . , it can hardly be disputed that the defendant enjoyed the right to be free from unreasonable intrusions into his body for the purpose of obtaining his bodily fluids, or in this case, DNA” (Matos at 258, quoting People v Sterling, 57 AD3d 1110, 1111 [3d Dept 2008], citing Schmerber v California, 384 US 757 [1966]).
The People ask the court to recognize an exception for “absence of prejudice.” If the court were to allow the People to carve out new exceptions other than “good cause,” which are not enumerated in CPL 240.90 (1), the court would in effect be legislating from the bench (see People v Karns, 81 Misc 2d 186, 197-198 [Rochester City Ct 1975], citing Griswold v Connecticut, 381 US 479, 482 [1965]; Ferguson v Skrupa, 372 US 726, 731 [1963]).
Furthermore, there is no general constitutional right to discovery in criminal cases, and discovery in a criminal proceeding is entirely governed by statute (People v Wright, 46 Misc 3d 938, 939 [Crim Ct, NY County 2014]; Matter of Pirro v LaCava, 230 AD2d 909, 910 [2d Dept 1996], citing Matter of Miller v Schwartz, 72 NY2d 869, 870 [1988]). “[T]he law of discovery is basically a creature of legislative policy” (Matter of Sachet v Bartlett, 241 AD2d 97, 101 [3d Dept 1998]). The New York State Legislature saw fit to include a time limit to prosecution discovery. Since discovery in criminal cases is exclusively created and controlled by statute, it would be improper to allow for an exception to the time limit for absence of prejudice. The effect of such an exception at the pretrial stage would be that the prosecution would have their motion *962 for compelled discovery[4] granted regardless of how badly they defied the statutory time limit, which is clearly at odds with the legislative policy clearly set forth in CPL 240.90. The language of CPL 240.90 states succinctly and plainly that a discovery motion must be made within 45 days of arraignment, or must show good cause at any time thereafter and before trial.
“[T]he words of the statute are the best evidence of the Legislature’s intent. As a general rule, unambiguous language of a statute is alone determinative” (Riley v County of Broome, 95 NY2d 455, 463 [2000]). The legislature chose to add a single broad exception for “good cause.” If the legislature intended to make the remedy for a timeliness violation contingent upon the showing of prejudice to the defendant, they would have done so.[5]
Until such time when the legislature dictates that the courts should consider an absence of prejudice in determining the remedy for a timeliness violation, this court will reject the People’s effort to use their application as a means to circumvent the time restriction.
The People’s motion to force the defendant to submit to a DNA swab is found to be untimely and is denied.[6]

. DNA chronology referenced herein was alleged in defendant counsel’s affirmation in opposition to People’s motion and support of cross motion, and contained in police reports, laboratory reports, and an “evidence received” list annexed as exhibits to the affirmation.

. The People and the defendant also disagree on the elements of probable cause, and whether relevant material evidence is in question, both of which are requirements for taking compelled DNA samples as set forth in Matter of Abe A. (56 NY2d 288 [1982]).

. In fact, the People have failed to present any argument whatsoever asserting good cause for failing to comply with the 45-day time constraint of CPL 240.90 (1) (see Cherry, 2015 NY Slip Op 50378[U], *2-3).

. The court has not found any cases with this similar fact pattern, to wit, at the pretrial stage, in which the DNA application, coupled with similar “non-testimonial evidence,” has been granted based on lack of prejudice.

. Research of the legislative history of CPL 240.90 reveals that the New York State Legislature is contemplating a bill, which would further define “good cause” and also make “prejudice” a consideration when suppressing evidence. This bill has not yet been made into law (2015 NY Assembly Bill A6795).

. Because the court finds the People’s motion to be untimely, it does not need to address whether or not the standards of Matter of Abe A. have been satisfied.